**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JOSEPH L. CARPENTER, an individual; | ) ) ) Case No.: 1:15-CV-212-AJT/JFA |
| Plaintiff, | ) ) |
| v. | ) ) |
| <myschool.com>, a domain name; | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM IN SUPPORT MOTION TO STRIKE REFERENCES TO THE UDRP IN REGISTRANT'S PLEADINGS**

Plaintiff, by and through its attorney, hereby submits there Memorandum in Support of Plaintiff's Motion to Strike References to the UDRP in Registrant's Pleadings.

## I.   INTRODUCTION

This case involves a conflict over the domain name <myschool.com> (the "Disputed Domain"). Registrant makes repeated references to two UDRP decisions involving the Disputed Domain. It is well established that UDRP decisions are entitled to no deference by the Court and subject to de novo review. Registrant is improperly asserting that the UDRP decisions have preclusive effect upon the Court, that the decisions are evidence of the bad character of Plaintiff, and that the Court should or must defer to them in whole or in part.

## II.   ARGUMENTS AND AUTHORITIES

**A.   Applicable Legal Standard**

The Federal Rules provide a means to strike extraneous materials in pleadings and memoranda:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion mode by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter.

FED.R.CIV.P. 12(f); *Spencer v. Dixon,* 290 F.2d 531 (E.D. La. 1968).

Impertinence consists of any allegation not relevant to the issues involved in the action and which could not be put in issue or be given in evidence between the parties." *Oaks v. Fairhope,* 515 F.Supp. 1004 (S.D. Ala 1981). A statement is scandalous if it improperly characterizes a party in a derogatory manner. A court may also properly strike unnecessary evidentiary detail from pleadings, especially where prejudicial or of no consequence to the controversy. *In re Beef Industry Antitrust Litigation,* 600 F.2d 1148 (5th Cir. 1979).

**B.     The following matters should be stricken from Registrant's Pleadings.**

In this case, portions of Registrant's Answer and Counterclaims relating to the UDRP process are scandalous, immaterial, impertinent, redundant, submitted as character evidence, and alternatively constitute unnecessary evidentiary detail. The following chart sets forth the paragraph number or exhibit letter in the Answer and Counterclaims which Plaintiff requests to be struck in full unless otherwise indicated, a description of the objectionable material and the objection lodged to each as the basis for requesting that the material be struck.

| **Claim** | **Objectionable Language or Material** | **Objection** |
|---|---|---|
|  |  |  |
| Complaint, ¶ 8 | Paragraphs treats UDRP decisions as if binding upon the Court and preclusive. | Immaterial, Impertinent |
| Complaint, ¶ 11 | Paragraph treats UDRP as if binding on the Court and preclusive. | Immaterial, Impertinent |
| Counterclaims, ¶ 17 | Paragraph presumes evidentiary relevance of UDRP. | Immaterial, Impertinent |

| | | |
|---|---|---|
| Counterclaims, ¶ 22 | Paragraph wrongfully characterizes UDRP | Immaterial, Impertinent |
| Counterclaims, ¶¶ 24 - 25 | Paragraphs wrongfully asserts UDRP evidentiary relevance. | Immaterial, Impertinent, Character Evidence |
| Counterclaims, ¶¶ 38 - 47 | Paragraphs treat UDRP decisions as if binding upon the Court and preclusive and uses UDRP decisions as character evidence. | Immaterial, Impertinent, Character Evidence |
| Counterclaims, ¶¶ 55 - 57 | Paragraph treats UDRP as if binding on the Court and preclusive. | Immaterial, Impertinent, Character Evidence |

These objections seek to forestall Registrant's efforts to introduce material relating to UDRP proceedings which is outside the scope of the dispute regarding the domain name in controversy <myschool.com> and excluded by well-established precedent.

**C.   The Court should not rely upon and should exclude references to UDRP proceedings.**

Registrant predicates its arguments regarding the validity of this action on the ruling of the UDRP panelists.  However, for easily understandable reasons, the decisions of these panels are highly suspect and are not relied upon by competent courts in deciding the relative merits of parties' positions.

Under the UDRP, a registrant is required to submit to a mandatory administrative proceeding in the event that a third party asserts to an ICANN-approved administrative dispute resolution service provider that (1) the registrant's domain name is "identical or confusingly similar to a trademark or service mark in which the complainant has rights"; (2) the registrant has "no rights or legitimate interests" in the domain name; and (3) the registrant's domain name "has been registered and is being used in bad faith." UDRP. 4.  By its plain terms, however, the UDRP permits judicial recourse before, during, and after a UDRP proceeding. Section 4(k) of the UDRP reads:

>Availability of Court Proceedings. The mandatory administrative proceeding requirements set forth in Paragraph 4 shall not prevent either you or the complainant from submitting the dispute to a court of competent jurisdiction for independent resolution before such mandatory administrative proceeding is commenced or after such proceeding in concluded.

The UDRP has no precedential value and is inadmissible as evidence. Nonetheless Registrant attempts to mislead the Court into believing that UDRP decisions are reliable in order to create unwarranted prejudice against the Plaintiff.  UDRP decisions are reviewed de novo in ACPA proceedings, are unreliable and irrelevant, and entitled to no deference. *Sallen v. Corinthians Licenciamentos LTDA,* 273 F.3d 14, 20 (1st Cir.2001)  ("[T]he UDRP explicitly contemplates independent review in national courts.");  *Dluhos v. Strasberg*, 321 F. 3d 365 (3rd Cir. 2003) (no FAA recognition of ICANN UDRP proceedings); *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft,* 213 F.Supp.2d 612, 617 (E.D.Va. 2002) ("judicial review of a WIPO decision is *de novo*");  *Barcelona.com, Inc. v. Excelentisimo Ayuntamiento De Barcelona,* 330 F.3d 617, 624-25 (4th Cir. 2003) ("Because the administrative process prescribed by the UDRP is `adjudication lite' as a result of its streamlined nature and loose rules regarding applicable law, the UDRP itself contemplates judicial intervention, which can occur before, during, or after the UDRP's dispute-resolution process is invoked"); *see also Paris v. Netlearning, Inc.,* 139 F.Supp.2d 745, 751 (E.D.Va. 2001); *Parisi v. Netlearning, Inc.,* 139 F.Supp.2d 745 (E.D.Va.2001) (Decisions made by arbitration panels under the UDRP are not afforded deference by the district court.).

The authority is unchallengeable that a UDRP decision is not evidence of the ultimate issue in the court and that it would be grave error for a court to rely upon such a decision.

Additionally, Federal Rule of Evidence 403 precludes the admission of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As the UDRP decisions repeat verbatim the unsubstantiated allegations of parties and the panelists rely arbitrarily on a strange brew of laws from multiple jurisdictions, prior panelists' decisions and their own personal whims, pronounced with unapologetic conviction, there is a tremendous risk of confusion when the issues are meant to be evaluated de novo. *U.S. v. Saldana,* 427 F.3d 298, 306-307 (5th Cir. 2005) (court refused to admit training manuals relied upon by Defendant because they contained "inaccurate legal advice and an assortment of strange and unrelated documents" and would confuse the jury).

Courts must also preclude the introduction of prior UDRP decisions to demonstrate prior bad acts or attempts to establish character evidence in that regard, as Registrant is attempting. "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion;" is "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."

Registrant improperly references the UDRP decisions to establish non-existent preclusive effect of them, for their non-existent evidentiary value, and as evidence of bad character of Plaintiff. The UDRP decisions are impertinent and immaterial, and for all of these reasons Registrant's references to the UDRP should be struck from the Answer and Counterclaims.

### III.    CONCLUSION AND RELIEF REQUESTED

Plaintiff respectfully requests that the Court strike the portions of the pleadings set forth herein relating to the UDRP process and order Registrant to replead or absent such, that the Court strike Registrant's Answer and Counterclaims and for all other relief to which Plaintiff may be entitled.

DATED this the 26th day of March, 2015.

/s/ _____
Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiff*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@uspatentlaw.us

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 27, 2015 a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

            /s/ Steven Rinehart
            Steven Rinehart