**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

JOSEPH L. CARPTENTER,

      Plaintiff and Counter-Defendant,

v.

MYSCHOOL.COM, an Internet Domain
Name,

      Defendant and Counter-Plaintiff.

Case no. 1:15cv212-AJT/JFA

**MYSCHOOL.COM'S OPPOSITION TO MOTION TO STRIKE REFERENCES TO
THE UDRP IN REGISTRANT'S PLEADINGS**

Defendant/Counter-Plaintiff MYSCHOOL.COM ("Defendant"), by counsel, hereby

opposes Plaintiff's Motion to Strike References to the UDRP in Registrant's Pleadings

("Plaintiff's Motion").  For the reasons set forth below, Plaintiff's Motion should be denied.

**INTRODUCTION**

Plaintiff's Motion reflects a misunderstanding of the purpose of various references in the

Defendant's Answer and Counterclaim to the prior unsuccessful proceedings initiated by Plaintiff

under the Uniform Domain-Name Dispute Resolution Policy ("UDRP").  As an initial matter,

motions to strike are disfavored, and in this case, Plaintiff cannot satisfy the high threshold for

justifying such an extreme remedy.  Indeed, just because an administrative determination, such as

a UDRP proceeding, is entitled to *de novo* review does not mean that any reference to such

proceedings is "immaterial" or "impertinent."  In fact, Defendant's references to the prior UDRP

proceedings are directly pertinent to several claims and defenses in this matter and are not

asserted by Defendant for any preclusive value.

*First*, the fact of the prior UDRP pleadings and their ultimate resolution against the Plaintiff goes directly to Defendant's claim of reverse domain name hijacking.  Under the Anti-cybersquatting Consumer Protection Act, a person making a knowing and material misrepresentation that a domain name is identical to, confusingly similar to, or dilutive of a mark shall be liable for damages and/or subject to injunctive relief.  *See* 15 U.S.C. § 1114(2)(D)(iv) & (v).  By bringing multiple UDRP actions that he knew were meritless, Plaintiff caused the disabling and/or suspension of the MYSCHOOL.COM domain name.  This alone justifies a finding against Plaintiff.  Additionally, the fact that two separate UDRP panels determined that the MYSCHOOL.COM domain name did not violate Plaintiff's trademark rights is relevant to whether Plaintiff's allegations in the two prior UDRP proceedings or the instant action were founded on a "knowing and material misrepresentation."

*Second*, the factual evidence from the prior UDRP proceedings directly contradicts certain averments made by Plaintiff in the Complaint.  Specifically, Plaintiff has alleged that "Registrant is an individual who resides in the country of the Cayman Islands" and that the domain name was sold or changed hands in 2014.  Yet, the evidence from Plaintiff's most recent unsuccessful UDRP action demonstrates that Plaintiff was well aware that Original Web Ventures, Inc. of Ontario, Canada, has owned the MYSCHOOL.COM domain name since March 1, 2013.  Additionally, Plaintiff has argued that Original Web Ventures, Inc. had a bad faith intent to profit from Plaintiff's alleged trademark.  Yet, the sworn testimony from Plaintiff's most recent unsuccessful UDRP action demonstrates that Original Web Ventures, Inc. did not know of Plaintiff's purported trademark rights until Carpenter filed his UDRP complaint.

Although Plaintiff understandably would like to hide these facts from the Court, there is no basis to do so, particularly when motions to strike are disfavored.  To the extent Plaintiff

believes there is a good faith basis for doing so at the conclusion of discovery, he could file a motion *in limine* on the eve of trial.  This motion to strike should be denied.

## ARGUMENT

### A.      Motions to Strike Are Disfavored and Should Only Be Granted in Extreme Cases.

Plaintiff faces an extremely high standard for the Court to grant a motion to strike. Although Fed. R. Civ. P. 12(f) permits a court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter,"[1] courts generally disfavor Rule 12(f) motions "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure* § 1380, 647 (2d ed.1990); *see also Banks v. Realty Mgmt. Serv., Inc.*, No. 1:10CV14 (JCC/TCB), 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010); *Hill v. Robeson County, N.C.*, 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010).  Accordingly, "a motion to strike 'should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.'"  *Bailey v. Fairfax Cnty., Virginia*, No. 1:10-CV-1031, 2010 WL 5300874, at *4 (E.D. Va. Dec. 21, 2010) (quoting *GTSI Corp. v. Wildflower Int'l, Inc.*, No. 1:09cv123, 2009 WL 2160451, at * 4 (E.D. Va. July 17, 2009)); *see also Schultz v. Braga,* 290 F. Supp. 2d 637, 654–55 (D. Md. 2003) (stating that motions to strike "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"); *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs.*, 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) ("as far as motions to strike pleadings on

---

[1]     Although the version of Rule 12(f) quoted by Plaintiff was subsequently amended in both 2007 and 2009, these changes do not affect the substantive standard for evaluating a motion to strike.  *See* Fed. R. Civ. P. 12(f) Committee Notes on Rules—2007 and 2009 Amendments.

the basis of immateriality are concerned, a '[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" (quoting *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958)).

### B.    Plaintiff Has Not Provided a Valid Basis for Striking the References to the Prior Unsuccessful UDRP Actions.

Plaintiff has failed to satisfy the high standard for striking a portion of the pleadings. First, there is no basis for the Court to determine that the references to Plaintiff's unsuccessful UDRP actions "have no possible relation or logical connection to the subject matter of the controversy." Plaintiff's entire argument is premised on the false notion that Defendant is "asserting that the UDRP decisions have preclusive effect upon the Court, that the decisions are evidence of the bad character of Plaintiff, and that the Court should or must defer to them in whole or part." Pl.'s Mot. at 1, 3-5. In fact, Defendant has not included the UDRP-related allegations for any of these purposes. Second, there is no reason to believe that the UDRP-related allegations will cause any prejudice to Plaintiff, much less _significant_ prejudice. On the other hand, preventing the introduction of these factual issues would substantially prejudice Defendant.

### 1.    *Defendant Does Not Seek Admission of the UDRP-Related Claims for their Preclusive Effect.*

Plaintiff's claim that the allegations regarding his prior unsuccessful UDRP actions should be stricken because they are "scandalous, immaterial, impertinent, redundant, submitted as character evidence, and alternatively constitute unnecessary evidentiary detail" is both a mistake and a red herring. *See* Pl.'s Mot. at 2. Even if the holdings of two prior UDRP panels may not be admitted for their preclusive effect, this does not mean that Plaintiff may escape the evidentiary value of those proceedings. The facts adduced in those UDRP proceedings, as well

4

as their effect on Plaintiff's state of mind when continuously filing baseless claims, are directly

relevant to several issues in dispute in the instant proceeding.

The gist of Plaintiff's argument is that, because the Court must review the UDRP

decisions *de novo*, the Court must turn a blind-eye to the UDRP proceedings and strike any

reference thereto.  This is not, however, what the cases cited by Plaintiff say, and it is not the law.

As this court explained in *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 213 F.

Supp. 2d 612, 617-18 & n. 10 (E.D. Va. 2002), the result of a UDRP proceeding "is neither

admissible, nor entitled to any deference, <u>with respect to the merits issues presented in this suit</u>"

(emphasis added).  Nevertheless, courts reviewing an administrative determination *de novo*

frequently consider the prior findings as "evidence that can be accepted or rejected by the trier of

fact."  *See Phillips v. DolgenCorp LLC*, No. CIV.A. 5:10-1016-MBS, 2011 WL 2214754, at *2

(D.S.C. June 7, 2011) (citing *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006)).

In fact, every one of the cases cited by Plaintiff includes extensive recitals of the UDRP

panels' findings while, at the same time, explaining that the court must review the ultimate

holding *de novo*.  *See Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 20-22 (1st Cir.

2001) (including detailed recitation of UDRP panel findings); *Eurotech, Inc.*, 213 F. Supp. 2d at

617 (same); *Dluhos v. Strasberg*, 321 F.3d 365, 366-69 (3d Cir. 2003) (same); *Barcelona.com,*

*Inc. v. Excelentisimo Ayuntamiento De Barcelona*, 330 F.3d 617, 621 (4th Cir. 2003) (same);

*Parisi v. Netlearning, Inc.*, 139 F. Supp. 2d 745, 748 (E.D. Va. 2001) (same).  This Court should

follow the well-established practice of considering relevant information from prior UDRP

proceedings and according it due weight.

There are many reasons to consider Plaintiff's prior unsuccessful UDRP actions other

than for their preclusive effect.  Plaintiff has pled, on information and belief, that "Registrant is

an individual who resides in the country of the Cayman Islands" and that "the legally effective

registration of [*sic*] date of the Disputed Domain is the date which it last sold or changed hands;

which in this case, in [*sic*] 2014."  Compl. ¶¶ 8 & 11.  The Complaint goes on to allege that

"Registrant moved the Disputed Domain to the Cayman Islands in the mistaken belief that by

doing so, Registrant would avoid the jurisdiction of US courts."  Compl. ¶ 23.  Not only are

these allegations untrue, but Plaintiff *knew* that they were untrue at the time that he filed his

complaint.  The evidence from the prior unsuccessful UDRP proceeding established that the

MYSCHOOL.COM domain name registrant is located in Ontario, Canada and has owned the

domain name since 2013.  Plaintiff's allegation that "Registrant was aware of the MYSCHOOL

mark and its significant reputation prior to registration of the Disputed Domain name" (Comp. ¶

22) is also untrue.  Plaintiff is aware from sworn testimony in his second unsuccessful UDRP

proceeding that Original Web Ventures, Inc. did not learn of Plaintiff's purported trademark

rights until Plaintiff initiated the UDRP proceeding.  Thus, the references to Plaintiff's prior

unsuccessful UDRP proceedings are necessary to "fairly respond to the substance of the

allegation[s]."  Fed. R. Civ. P. 8(b)(2).

A central issue in this dispute is whether Original Web Ventures, Inc. registered the

MYSCHOOL.COM domain name with bad faith intent to profit from Plaintiff's trademark.  *See*

Compl. ¶¶ 15-28; 33.  Conversely, the Counterclaim asserts a claim for no bad faith intent, which

requires Defendant to prove Original Web Ventures, Inc.'s lack of bad faith intent.  *See* 15 U.S.C.

§ 1114(2)(D)(v) ("A domain name registrant whose domain name has been suspended, disabled,

or transferred under a policy described under clause (ii)(II) may, upon notice to the mark owner,

file a civil action to establish that the registration or use of the domain name by such registrant is

not unlawful under this chapter."); 15 U.S.C. § 1125(2)(d)(1)(B)(i) (providing factors for

"determining whether a person has a bad faith intent").  Thus, to refute Plaintiff's claims and

establish the elements of its own, Defendant was required to plead facts supporting its allegation

that Original Web Ventures, Inc. registered the domain name without bad faith intent.  The two

UDRP decisions against Plaintiff are material to the propriety of Original Web Ventures, Inc.'s

good faith registration of the MYSCHOOL.COM domain name.

Finally, the Counterclaim asserts a claim for reverse domain name hijacking, which

requires proof that the Plaintiff made "a knowing and material misrepresentation by any other

person that a domain name is identical to, confusingly similar to, or dilutive of" the MY

SCHOOL mark.  *See* 15 U.S.C. § 1114(2)(D)(iv).  Even if the results of the UDRP proceeding

are not admissible for any preclusive purpose, the multiple rulings against Plaintiff necessarily

informed Plaintiff's subjective belief about the validity of his claims and therefore constitute

evidence "that can be accepted or rejected by the trier of fact."  *See Phillips*, 2011 WL 2214754

at *2.

The following chart sets forth the valid purpose for each of the contested allegations:

| Defendant's Claim | Purpose for Inclusion |
|---|---|
| Answer, ¶ 8: Denied.  Carpenter is well aware from his prior unsuccessful pursuit of a proceeding under ICANN's Uniform Domain Name Dispute Resolution Policy that the owner of the MySchool.com domain name registration is Original Web Ventures, Inc. of Kanata, Ontario Canada. | Plaintiff alleges in his complaint that "On information and belief, Registrant is an individual who resides in the country of the Cayman Islands."  However, this response provides the basis for Defendant's denial: specific evidence that was available to Plaintiff in the UDRP proceeding. |
| Answer, ¶ 11.  Denied.  Carpenter is well aware from his prior unsuccessful pursuit of a proceeding under ICANN's Uniform Domain Name Dispute Resolution Policy that Original Web Ventures, Inc. acquired the MySchool.com domain name on March 1, 2013. | Plaintiff alleges in his complaint that the Disputed Domain was last sold in 2014.  However, this response provides the basis for Defendant/Plaintiff's denial: specific evidence that was available to Plaintiff in the UDRP proceeding. |

| Defendant's Claim | Purpose for Inclusion |
|---|---|
| Counterclaim, ¶ 17: Original Web Ventures, Inc. learned of Carpenter's purported trademark rights and his U.S. trademark registration for MYSCHOOL when Carpenter filed a Uniform Domain Name Dispute Resolution Proceeding complaint in September 2014 seeking a transfer of the domain name, which was denied under the rationale set forth below. | This allegation refutes Plaintiff's claim of bad faith and establishes an essential element of a reverse domain name hijacking claim: that the opposing party made a "knowing and material misrepresentation" and/or that the registration or use of the domain name is not unlawful. The time at which Registrant learned of Plaintiff's purported trademark rights is directly relevant to this claim. |
| Counterclaim, ¶ 22: Around the same time period, the Internet Corporation for Assigned Names and Numbers ("ICANN") promulgated the Uniform Domain Name Dispute Resolution Proceeding ("UDRP") to provide an administrative remedy, dictated by contract, to also address cybersquatting. | This allegation provides truthful context regarding Defendant/Counter-Claimant's allegations. *See, e.g.*, *GTSI Corp.*, 2009 WL 2160451 at *10 (refusing to strike paragraphs that "provide context and background information relevant to" the counterclaims). Plaintiff does not explain how this "wrongfully characterizes UDRP." |
| Counterclaim, ¶ 24:  Similarly, the UDRP was developed to address the "deliberate, bad faith registration as domain names of well-known and other trademarks" (WIPO Final Report, Par. 23 (1999)). Counterclaim, ¶ 25: The ACPA and the UDRP include a requirement of bad faith. "Good faith, innocent or negligent uses of a domain name that is identical or confusingly similar to another's mark or dilutive of a famous mark are not covered by the legislation's prohibition.  Thus, registering a domain name while unaware that the name is another's trademark would not be actionable." 106 Cong. Rec., S10518. | As above, these allegations provide truthful context regarding Defendant/Counter-Claimant's allegations.  Plaintiff does not explain how it "wrongfully asserts UDRP relevance." |
| Counterclaim, ¶¶ 38-47: *descriptions of the prior UDRP proceeding, culminating with the following allegation*: Carpenter has made numerous knowing and material misrepresentations in his pursuit of a forced transfer of the MySchool.com domain name from Original Web Ventures, Inc. | These allegations are not introduced for their preclusive effect or as "character evidence," but rather to establish the essential elements of the counterclaim for reverse domain name hijacking. |

| Defendant's Claim | Purpose for Inclusion |
|---|---|
| Counterclaim, ¶¶ 55-57: *specific quotes from the complaint culminating with the following allegation*:  Not only has Carpenter failed to disclose his knowledge of Original Web Ventures, Inc. as the owner of the MySchool.com domain name and his prior efforts to acquire the domain name through two unsuccessful UDRP proceedings, and misrepresented the identity of the owner of the MySchool.com domain name, but Carpenter appears to have pursued his in rem cybersquatting claim in a manner intended to limit Original Web Ventures, Inc.'s notice and opportunity to defend the claim. | These allegations do not "treat[] the UDRP as if binding on the Court" but rather reference the UDRP to establish both: (1) Plaintiff's knowledge that its representations regarding the Registrant were false; and (2) the Registrant's lack of bad faith, which undermines an essential element of Plaintiff's claims. |

As demonstrated above, none of these allegations constitute, as Plaintiff suggests, "unnecessary evidentiary detail."  *See* Pl.'s Mot. at 2.  The Counterclaim is not unnecessarily redundant and Defendant did not provide an elaborate rehashing of the pertinent facts or otherwise belabor the point.  *Cf. BBL, Inc. v. City of Angola*, No. 1:13-cv-76, 2013 WL 2383659, at *3-5 (N.D. Ind. May 29, 2013) (granting motion to strike more than "775 paragraphs spanning 117 pages" of evidentiary detail).  Rather, Defendant provided the necessary level of detail to satisfy the *Iqbal* and *Twombly* pleading standard, which requires more than threadbare allegations.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'") (quoting *Ball Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, Plaintiff's invocation of the Federal Rules of Evidence is misplaced in this context.  Motions to strike are "not designed to resolve disputes over the admissibility of evidence." *O'Brien v. Wisniewski*, No. 3:10-CV-120 CSH, 2012 WL 1118076, at *4 (D. Conn. Apr. 3, 2012); *see also Gilyard v. Northlake Foods, Inc.*, 367 F. Supp. 2d 1008, 1016 (E.D. Va. 2005) (declining to resolve admissibility in a motion to strike); *Lehman Bros. Commercial Corp. v. China Int'l United Petroleum & Chemicals Co.*, No. 94 CIV. 8304 (JFK), 1995 WL 380106, at

*3 (S.D.N.Y. June 26, 1995) (explaining that "admissibility is better determined at trial").

Where, as here, the allegations in a pleading are reasonably related to the claims and defenses, a

determination regarding their admissibility would be premature.

2.      *Plaintiff Is Not Prejudiced By the Inclusion of the UDRP-Related Allegations.*

Even if the allegations in a pleading were redundant or immaterial, which they are not in

the present case, a motion to strike should still be denied "unless the allegations have no possible

relation to the controversy and may cause prejudice to one of the parties." *See Graff v. Prime*

*Retail, Inc.*, 172 F.Supp.2d 721, 731 (D. Md. 2001) (citing 5A Wright & Miller, Federal Practice

and Procedure §§ 1382 (2d ed.1990)).  Plaintiff does not attempt to explain how including the

UDRP allegations in the Answer and Counterclaim will cause him prejudice, nor can he.  As

other courts have recognized, "Disputes over Rule 408 should be resolved as evidentiary matters

with motions *in limine* rather than prematurely in Rule 12(f) motions." *TriQuint Semiconductor,*

*Inc. v. Avago Technologies, Ltd.*, No. CV–09–01531, 2010 WL 3034880 at *3–4 (D. Ariz. Aug. 3,

2010) (citations omitted); *Chabad Lubavitch of Litchfield Cnty., Inc. v. Borough of Litchfield,*

*Conn.*, No. 3:09-CV-1419 (JCH), 2010 WL 3021468, at *2 (D. Conn. July 21, 2010) ("[T]he

pleading stage is not the proper time for the court to weigh prejudice versus probative value.

Rather defendants should bring such objections in a motion in limine."); *Church & Dwight Co. v.*

*SPD Swiss Precision Diagnostics, GmBH*, No. CIV.A. 10-453 FLW, 2010 WL 5239238, at *12

(D.N.J. Dec. 16, 2010) ("The proper remedy to avoid such prejudice is through a motion in

limine after a discovery record has been made.").  The only possible prejudice related to

Plaintiff's Motion is the prejudice that Defendant will suffer if it is precluded from making

factual allegations regarding the UDRP proceedings that support its claims and defenses.

## CONCLUSION

Plaintiff has not established that the allegations relating to his prior unsuccessful UDRP proceedings are unrelated to the subject matter of this controversy or would cause Plaintiff significant prejudice.  Accordingly, the Court should deny Plaintiff's Motion.


Dated: April 7, 2015          By:          /s/
                                   Attison L. Barnes, III (VA Bar No. 30458)
                                   David E. Weslow (*Pro Hac Vice*)
                                   WILEY REIN LLP
                                   1776 K St. NW
                                   Washington, DC 20006
                                   (202) 719-7000 (phone)
                                   (202) 719-7049 (fax)
                                   abarnes@wileyrein.com
                                   dweslow@wileyrein.com

                                   *Counsel for Defendant/Counterclaimant*
                                   *MYSCHOOL.COM*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of April 2015, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and served via hand delivery in an envelope addressed as follows:


Steven Rinehart, Esq.
110 S. Regent Street
Suite 200
Salt Lake City, Utah 84111



                    /s/
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com

*Counsel for Defendant/Counterclaimant
MYSCHOOL.COM*