UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSEPH L. CARPTENTER, an individual; | ) ) | Case No.: 1:15-CV-212-AJT/JFA |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| <myschool.com>, a domain name; | ) ) | |
| Defendant. | ) ) ) | |

## PROTECTIVE ORDER WITHOUT SEALING PROVISIONS

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

A. **Definitions**

1. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff). For the purposes of this Protective Order only, the term Party shall also include Original Web Ventures, Inc., registrant of the res-defendant, myschool.com.

2. "Material": all information and documents and things, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, discovery

responses, pleadings, exhibits, or tangible things), produced, served or otherwise provided, whether formally or informally, in this action by the Parties or by non-parties.

3. "Designated Material": Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" under this Order.

4. "Designating Party": a Party or non-party that designates Material that it produces, serves, or otherwise provides in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY".

5. "CONFIDENTIAL" Material: Material the Designating Party believes in good faith is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. All material that is HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY is CONFIDENTIAL Material.

6. "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" Material: Material the Designating Party believes in good faith is not generally known to others and has competitive value such that unrestricted disclosure to others would create a risk of serious injury, and which the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for Material that constitutes proprietary financial, technical or commercially sensitive competitive information that the Producing Party maintains as confidential in its business, including, for example, certain confidential information obtained from a nonparty, information relating to

2

future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents and licensing communications, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Producing Party.

7. "Producing Party": a Party or non-party that produces Material in this action.

8. "Receiving Party": a Party that receives Material from a Producing Party.

9. "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, and (ii) partners, associates and employees of such counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

10. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party, and their employees and subcontractors.

11. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; document coding; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation and members of mock juries and focus

groups retained by such a consultant to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.      Scope/Applicability of Protective Order**

12. This Order and any amendments or modifications hereto ("Protective Order") shall

govern all Material, or portion thereof, or any Material produced or provided, formally or

informally, by any Party or non-party to the litigation, to any other Party. The Material protected

includes, but is not limited to, answers to interrogatories, answers to requests for admission,

responses to requests for the production of documents, deposition testimony, transcripts and

videotapes, deposition exhibits, pleadings, affidavits, briefs, motions, subpoenas, responses to

subpoenas, and any other writings or things produced, given or filed in this action. This Order

shall also apply to any copies, excerpts, abstracts, charts, analyses, summaries, descriptions,

notes, or other forms of recorded information containing, reflecting, or disclosing any such

designated Material. Nothing herein shall alter or change in any way the discovery provisions of

the Federal Rules of Civil Procedure, applicable case law, or any deadlines specifically set by

this Court.

**C.      Access to Designated Material**

13. A Party shall have no obligation to produce any Material containing or reflecting a

trade secret or other confidential research, development, or commercial information that is not

relevant to any claim or defense in the action, or that is not necessary for the Receiving Party to

prove its claims or defenses, provided however, that this provision does not change, modify, or

otherwise alter in any way a party's obligations under the Federal Rules of Civil Procedure.

14. **"CONFIDENTIAL" Material:** Unless otherwise ordered by the Court or permitted

in writing by the Designating Party, a Receiving Party may disclose any Material designated

"CONFIDENTIAL" only to the following in addition to those identified in Section E below

regarding use of Designated Material at depositions:

(a) employees, officers, or directors of the Receiving Party to whom disclosure is

reasonably necessary for the management, supervision, or oversight of this litigation and

who have signed the "Agreement To Be Bound By Protective Order" attached hereto as

Exhibit A;

(b) persons who appear on the face of Designated Material as an author, addressee or

recipient thereof;

(c) Counsel of Record;

(d) Outside Consultants of the Receiving Party to whom disclosure is reasonably

necessary for this litigation and who have signed the "Agreement To Be Bound By

Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant"

attached hereto as Exhibit B;

(e) witnesses whom the receiving party believes in good faith possesses personal

knowledge of the materials in the document, during deposition and/or at trial, provided

that such witnesses may not retain copies of CONFIDENTIAL Material unless permitted

by other provisions of this Order;

(f) the Court and its personnel;

(g) any designated arbitrator or mediator who is assigned to hear this matter, and his or

her staff;

(h) court reporters and videographers; and

(i) Professional Vendors to which disclosure is reasonably necessary for this litigation.

15. **"HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY"**

**Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating

Party, a Receiving Party may disclose any Material designated "HIGHLY CONFIDENTIAL —

OUTSIDE COUNSEL'S EYES ONLY" Material only to the following in addition to those identified in Section E below regarding use of Designated Material at depositions:

(a) persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(b) Counsel of Record;

(c) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided such Outside Consultant has signed the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and the "Certification Of Consultant" attached hereto as Exhibit B;

(d) the Court and its personnel;

(e) any designated arbitrator or mediator who is assigned to hear this matter, and his or her staff;

(f) court reporters and videographers; and

(g) Professional Vendors to which disclosure is reasonably necessary for this litigation.

16. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so prior to the time such Designated Material is disclosed to him or her. Counsel for a party who makes any disclosure of Designated Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for all other parties at the termination of this action.

17. Whenever a Court conference, hearing, trial or similar proceeding may involve the disclosure of Designated Material, the Parties shall endeavor to avoid the unnecessary disclosure of Designated Material. The Court has not made any findings that would authorize filings under

seal. The parties must follow the procedures authorized by the Court in the event any

Designated Materials are to be submitted to the Court for filing under seal. The parties have

agreed to seek such protection when filing any motion, memorandum, brief or other pleading that

exhibits any documents or discloses information obtained from a document that has been

designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S

EYES ONLY."..

**D.      Access by Outside Consultants**

18. **Notice.** In such situation where the Receiving Party wishes to disclose another Party's

Designated Material to any Outside Consultant, such Receiving Party must provide notice to

counsel for the Designating Party ten (10) calendar days in advance of any such disclosure,

which notice shall include the requirements of Rule 26(a)(2)(B)(iv)-(vi) and shall also include at

least the full name and professional address and/or affiliation of the proposed Outside

Consultant, an up-to-date curriculum vitae identifying all other present and prior (within the past

four (4) years) employments or consultancies of the consultant, a signed copy of the "Agreement

To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of

Consultant" attached hereto as Exhibit B.

19. **Objections.** The Designating Party shall have ten (10) calendar days from receipt of

the notice specified in Paragraph 18 to object in writing to such disclosure. Upon receiving an

objection to an Outside Consultant pursuant to Paragraph 18, such Outside Consultant may not

receive Designated Materials. Any such objection must set forth in detail the grounds on which it

is based. After the expiration of the 10-day period, if no objection has been asserted, then

Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this

Order. However, if the Designating Party objects within the 10-day period, the Receiving Party

may not disclose Designated Material to the challenged individual absent resolution of the dispute, waiver by the objecting Party, as described below, or Court Order. In the event the Designating Party makes a timely objection, the Parties shall meet and confer within four (4) business days of the timely objection to try to resolve the matter by agreement. If the Parties cannot reach an agreement, the objecting Party may within ten (10) Court days following the date on which the parties conducted their meet and confer file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. Any such motion must be accompanied by a declaration in which the movant describes the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions). If the objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the objecting Party, whichever occurs first.

E.    **Use of Designated Material**

20. **Use of Designated Material by Receiving Party.** Unless otherwise ordered by the Court or agreed to in writing by the Parties, all Designated Material shall be used by the Receiving Party only for purposes of this litigation and shall not be used in any other way. The Receiving Party shall maintain all Designated Material in a safe and secure area. Information contained or reflected in Designated Materials shall not be disclosed in conversations,

presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

21. **Use of Designated Material by Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own Material, nor shall it prevent the Designating Party from disclosing its own confidential Material. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

22. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Designated Material of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

(a) A present director, officer, employee, designated Rule 30(b)(6) witness, and/or Outside Consultant of a Producing Party may be examined and may testify concerning all Designated Material which has been produced by that party;

(b) A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c) Non-parties may be examined or testify concerning any Designated Material of a Producing Party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party, or a representative of such Producing Party.

(d) Any person other than a deposition witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order shall be excluded from any portion of the deposition when such information is discussed or otherwise disclosed, unless the Producing Party consents to persons other than qualified recipients being present during that portion of the deposition. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Agreement To Be Bound By Protective Order," attached hereto as Exhibit A, stating that he or she will comply with the terms of this Order and maintain the confidentiality of Designated Material disclosed during the course of the examination. In the event that such attorney declines to sign the "Agreement To Be Bound By Protective Order" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

23. A witness who previously had access to Material designated "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY," but who is not under a present nondisclosure agreement with the Producing Party that covers that Material, may be shown the Material if a copy of this Protective Order is attached to any subpoena or notice or request served on the witness for the deposition; and the witness is advised on the record of the existence of the Protective Order and that the Protective Order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY". The witnesses may not copy, take notes on, or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY." The Producing

Party of any Designated Material used at the deposition may also require that the transcript and

exhibits not be copied by the witness or his counsel, that no notes may be made of the transcript

or the exhibits, and that the transcript and exhibits may only be reviewed by the witness under

the supervision of one of the lawyers who is bound by the terms of this Order).

**F.**   **Procedure for Designating Materials**

24. Subject to the limitations set forth in this Order, a Designating Party may designate as "CONFIDENTIAL" material the Designating Party believes in good faith meets the definition set forth in Paragraph 5 above, and a Designating Party may designate as "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" material the Designating Party believes in good faith meets the definition set forth in Paragraph 6 above.

25. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order should be designated in accordance with this Order before the material is disclosed or produced.

26. Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY" on each page that contains Designated Material.

(b) For Material disclosed at a deposition or other pretrial or trial proceedings, the Designating Party may designate any portion of the testimony, document or other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY." The parties will use their best efforts to make all such designations at the times of the deposition or other pretrial and/or trial proceedings. However, if no such designation is made at the time of the deposition, any party may later designate testimony, documents or information disclosed at a deposition as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY" by informing the reporter and opposing party in writing within twenty-one (21)

calendar days of receipt of the transcript of the deposition of the designations to be

applied. Transcript pages containing Designated Material must be separately bound by

the court reporter, who must affix to the top of each such page the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES

ONLY" as instructed by the Designating Party. All deposition transcripts not marked at

least "CONFIDENTIAL" during the deposition will nonetheless be treated as "HIGHLY

CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" until the twenty-one (21)

day period has expired. If no designation is made at the deposition or within such twenty-

one (21) calendar day period (during which period, the transcript shall be treated as

"HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" Material,

unless the disclosing party consents to less confidential treatment of the information), the

entire deposition will be considered devoid of "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" Material. Any use made

of such Material not designated at the deposition but designated within the twenty-one

(21) day period will be governed under the provisions of Paragraph 28.

(c) For Material produced in some form other than documentary, and for any other

tangible items, the Producing Party shall affix in a prominent place on the exterior of the

container or containers in which the information or thing is stored the legend

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES

ONLY."

**G.**     **Challenges to Confidentiality Designations**

27. The parties will use reasonable care when designating Material as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES

ONLY." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents or information designated as "CONFIDENTIAL" Material or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY" Material have been improperly designated. A Receiving Party may at any time request that the Producing Party cancel or modify the confidentiality designation with respect to any document or information contained therein.

28. A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall particularly identify the documents or information that the Receiving Party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" designation.

## H.   Privilege

29. Federal Rule 26(b)(5)(B) shall govern the production of information subject to a claim of privilege or of a protection as trial-preparation material. Additionally:

(a) If a party unintentionally discloses any document, information (including, but not limited to, electronically stored information), or tangible items that could have been withheld, in whole or in part, based on a claim of attorney-client privilege, work product immunity, or other applicable privilege or protection ("Unintentionally Disclosed Material"), such disclosure does not waive any claim of attorney-client privilege, work

product immunity, or other applicable privilege or protection, nor does such disclosure result in a subject matter waiver of any kind.

(b) If a party notifies the Receiving Party of an unintentional disclosure, the Receiving Party must, within five (5) business days, return or destroy the Unintentionally Disclosed Material and any hard or electronic copies the Receiving Party has, and the Receiving Party may not use or disclose the information from the Unintentionally Disclosed Material. The Receiving Party shall also destroy all summaries of or notes relating to the Unintentionally Disclosed Material.

(c) To the extent that the information or document subject to an unintentional disclosure has already been used in or described in other documents generated or maintained by the Receiving Party, the Receiving Party will sequester such documents. If the Receiving Party disclosed or disseminated the Unintentionally Disclosed Material before being notified of its unintentional disclosure, it must take reasonable steps to retrieve the Unintentionally Disclosed Material, and must notify any persons who received the Unintentionally Disclosed Material of the unintentional disclosure.

(d) If a Receiving Party discovers that it has received either attorney-client privileged or work product materials, the Receiving Party will notify the Producing Party immediately upon discovery.

(e) The Producing Party shall provide the Receiving Party with a privilege log for any Unintentionally Disclosed Material.

(f) Nothing in this section shall prevent a party from seeking an order compelling production or from challenging the claim that a document is protected by the attorney-client privilege, work product immunity, or other applicable privilege or protection; but

the party shall not assert waiver as a ground for entering such an order, nor shall the party assert the facts or circumstances related to the unintentional disclosure.

(g) The Producing Party shall retain copies of all returned documents, information, or tangible items.

(h) Any applicable attorney-client privilege or work product protection is not waived by any disclosure connected with this present action and remains intact and in effect as to anyone who is not a party to the present action.

## I.   **Inadvertent Failure to Designate**

30. An inadvertent failure to designate qualified Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, as soon as reasonably possible, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL —OUTSIDE COUNSEL'S EYES ONLY" with the factual basis for the assertion of such designation(s). Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of Material bearing the confidentiality designation.

## J.   **Designated Material Subpoenaed or Ordered Produced in Other Litigation**

31. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Material designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must so

notify the Designating Party, in writing (by fax and email) promptly and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue that some or all of the Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**L.    Unauthorized Disclosure of Designated Material**

32. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound By Protective Order" that is attached hereto as Exhibit A.

**M.    Nonparty Use of This Protective Order**

33. A non-party producing Material voluntarily or pursuant to a subpoena or a court order may designate such Material or information in the same manner and shall receive the same level of protection under this Protective Order as any Party to this lawsuit.

34. A non-party's use of this Protective Order to protect its "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" information does not entitle that non-party access to "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" information produced by any Party in this case.

N.

O.   **Duration**

35. Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

P.   **Final Disposition**

36. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of this action, each Receiving Party must destroy or return to the Producing Party all Designated Material, including all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60

day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section O (Duration), above.

**Q.** **Miscellaneous**

37. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

38. The party or parties receiving Protected Matter shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Matter or any information contained therein.

39. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

40. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

41. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his client with respect to this litigation and, in the course thereof, referring to or relying upon his examination of CONFIDENTIAL Material produced by another party or a third-party; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not make specific disclosure of any item of the CONFIDENTIAL Material.

42. The parties agree that they are not required to provide a privilege log for privileged or work product documents created on or after the filing date of this lawsuit.

43. The United States District Court for the Eastern District of Virginia is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material produced under the protection of this Protective Order shall be resolved by the United States District Court for the Eastern District of Virginia. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

Stipulated and agreed to this **15**ᵈ day of June, 2015

_____/s/ Attison L. Barnes, III /s/_____
Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (Pro Hac Vice)
Ari S. Meltzer (Pro Hac Vice)
Rebecca L. Saitta (VA Bar No. 65408)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com
rsaitta@wileyrein.com

*Counsel for Defendant/Counter-Plaintiff*
*MYSCHOOL.COM*

_____/s/ Steven Rinehart /s/_____
Steven Rinehart (VSB No. 81,738)
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 347-5173
Fax: (801) 665-1292
steve@uspatentlaw.us

*Counsel for Plaintiff/Counter-Defendant*
*Joseph Carptenter*

SO ORDERED.

_____/s/_____ JFA
**John F. Anderson**
**United States Magistrate Judge**
Judge

Date: **JUNE 15, 2015**

22

/s/
John F. Anderson
United States Magistrate Judge

## EXHIBIT A
## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1. I reside at _____ ;

2. My present employer is _____ ;

3. My present occupation or job description is _____ ;

4. I agree to keep confidential all information provided to me in the matter of Joseph Carptenter v. myschool.com in the United States District Court for the Eastern District of Virginia, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]

23

## EXHIBIT B
## CERTIFICATION OF CONSULTANT

I, _____ [print or type full name], of
_____ am not
an employee of the Party who retained me. I agree that if I receive or review Material designated as
"HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY", I will not accept
employment with a Party for a period of twelve (12) months after the final termination of this Action,
subject to the exceptions provided for in the Protective Order entered in this case, unless and until the
Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the foregoing is
true and correct.

Executed on _____

_____
[printed name]

_____
[signature]

24