**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JOSEPH L. CARPTENTER, an individual; | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )  Case No.: 1:15-CV-212-JFA |
| <myschool.com>, a domain name; | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR**
**TO STRIKE IN THE ALTERNATIVE**

Defendant myschool.com ("Defendant" or "MYSCHOOL.COM"), by counsel, hereby

opposes Plaintiff's Motion for Judgment on the Pleadings or to Strike in the Alternative

("Plaintiff's Motion").  For the reasons set forth below, Plaintiff's Motion should be denied.

## INTRODUCTION

For more than three months, the Defendant in this action, domain name

MYSCHOOL.COM, has actively participated in this litigation, filing pleadings, appearing

(through counsel), and both serving and responding to discovery (including providing responses

on behalf of the domain name's owner, Original Web Ventures, Inc. ("OWV")).  Yet only now,

after serving two sets of discovery upon Defendant, Plaintiff Joseph L. Carptenter ("Plaintiff" or

"Carptenter")[1] seeks to prejudice MYSCHOOL.COM's ability to respond to the Complaint by

asking this Court to reach beyond the statutory requirements of the Anticybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d), ("ACPA") and existing case law to establish a new

---

[1] Plaintiff still has not corrected the name of the Plaintiff to "Joseph Carpenter" so Defendant
references Plaintiff as "Carptenter" consistent with the official caption.

mandatory procedure for how all Defendants must answer *in rem* actions under the ACPA.[2]

Plaintiff's proposed approach is neither dictated by the ACPA nor followed by this Court or other

courts in ACPA actions.  Incredibly, Plaintiff's proposed approach is inconsistent with positions

its own counsel has taken in this Court within the last three months when defending an *in rem*

ACPA action.[3]

Although undersigned counsel contacted Plaintiff's counsel in good faith prior to

preparing and filing this Opposition and advised that Plaintiff's theory has been soundly rejected

in this Court, Plaintiff nevertheless refused to withdraw his motion.  For the reasons stated

herein, the Court should deny Plaintiff's Motion and award Defendant its fees and costs incurred

to respond to the Motion.

## BACKGROUND

Plaintiff filed his *in rem* complaint on February 18, 2015, naming as the sole defendant

the domain name, MYSCHOOL.COM.  (ECF No. 1).  Defendant filed its responsive pleading on

March 18, 2015, unequivocally stating that Original Web Ventures, Inc. of Kanata, Ontario,

Canada is the owner of the domain name.  (ECF No. 7 ¶¶ 8, 11, 19).  Defendant's counsel signed

the pleading on behalf of "Counsel for Defendant and Counter-Plaintiff MySchool.com."  *Id.*

For his part, Carptenter served an initial motion to strike portions of Defendant's

responsive pleading—not because of Defendant's status as a domain name, but rather, because

---

[2] Notwithstanding its position in Plaintiff's Motion that Defendant MYSCHOOL.COM should not be permitted to participate in the substance of the litigation, Plaintiff has served discovery requests upon the Defendant domain name, thus treating the Defendant domain name as the party of interest in this matter.  As further discussed in Section I.B, *infra*, Plaintiff has not been prejudiced by MYSCHOOL.COM's status.

[3] *Web Entertainment Ltd. v. y8.org*, No. 1:14-cv-1416 (CMH-IDD) (E.D. Va. filed Apr. 8, 2015) (ECF No. 39) (Answer to Complaint including an affirmative defense that defendant domain name "reserves the right to assert additional affirmative defenses and/or counterclaims that may become known," and asserting a defense of trademark invalidity on behalf of the defendant domain name, without an appearance or intervention in the case by the registrant).

Defendant referenced two prior Uniform Domain Name Dispute Resolution ("UDRP")

proceedings that Carpenter brought and lost regarding the MYSCHOOL.COM domain name.

(ECF No. 12-13).  After his motion was denied, Carpenter proceeded to serve discovery upon

Defendant, in which Carpenter specifically sought a substantial amount of information about

OWV, including, *inter alia*:

- Interrogatory No. 7: "Identify those individuals or entities of Original Web Ventures
  (OWV) with an equity or voting interest."

- Interrogatory No. 8: "Identify the officers, directors, and managers of Original
  Web Ventures (OWV)."

- Interrogatory No. 13: "Explain why OWV chose to put the registration of
  <myschool.com> under a privacy guard in the Cayman Islands."

- Interrogatory No. 14: "Describe when OWV became aware of Plaintiff's
  MYSCHOOL trademark."

- Interrogatory No. 17: "Describe how OWV makes revenue and the sources
  from which it makes revenue, including cost-per-click advertising and domain names
  sales if applicable."

- Document Request No. 7: "Produce those documents and things pertaining to
  your purchase(s) of <myschool.com> at the Sedo.com auction you describe in your
  counterclaims, including paragraphs 11, 12 and 13."

*See* Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production

of Documents, attached hereto as **Exhibit A**.  Defendant dutifully answered each of Plaintiff's

requests, and on June 17, 2015, Carpenter served his Second Set of Interrogatories, Requests for

Admission, and Requests for Production of Documents, which again sought specific information

from OWV.  *See* Plaintiff's Second Set of Interrogatories, Requests for Admission, and Requests for Production of Documents, attached hereto as **Exhibit B**.

Also on June 17, 2015, Plaintiff filed the instant motion seeking a ruling from this Court that a domain name Defendant cannot file an answer or counterclaims.  (*See* ECF No. 59-60). Notwithstanding the fact that Plaintiff's Motion is based on a flawed legal theory that is contradicted by readily available decisions of this Court, in an effort to simplify the case, Defendant offered to withdraw its counterclaims in exchange for Plaintiff's agreement that the domain name could continue to defend and, therefore, that the instant motion was moot.  *See* E-mail from David E. Weslow, Counsel for Defendant, to Steven Rinehart, Counsel for Plaintiff (June 29, 2015, 9:14 a.m.), attached hereto as **Exhibit C.**  Carpenter refused this proposal.  *See* E-mail from Steven Rinehart to David E. Weslow (June 29, 2015, 3:37 p.m.), attached hereto as **Exhibit D.**  Defendant has since withdrawn the counterclaims without prejudice to streamline this case.  *See* Stipulation of Dismissal of Counterclaims (ECF No. 67).

In a final effort to resolve this dispute without burdening the Court and Defendant with Carpenter's motion, Defendant's counsel sent a detailed e-mail to Plaintiff's counsel setting forth the errors in Plaintiff's legal theory, attaching a recent decision of this Court the rejecting the same argument that Plaintiff has advanced, and reminding Plaintiff's counsel that he has appeared on behalf of a domain name (rather than the registrant) in this very Court.  *See* E-mail from David E. Weslow to Steven Rinehart (June 30, 2015, 9:41 p.m.), attached hereto as **Exhibit E**.  Nevertheless, Plaintiff has refused to withdraw his meritless motion.

## ARGUMENT

### I.   THERE IS NO RULE REQUIRING THE REGISTRANT OF A DOMAIN NAME TO DEFEND A CLAIM UNDER THE ACPA.

The entirety of Plaintiff's argument relies upon dicta from one case, *Caesars World, Inc.*

4

*v. Caesars-Palace.com*, which was decided in the infancy of the ACPA, to suggest that there is a bright line rule prohibiting a domain name from appearing, through counsel, in its own defense. The text of the ACPA, however, fails to support Plaintiff's contention.  Moreover, subsequent cases have clarified that *Caesars World* was a limited holding that did not establish a rule, as Plaintiff would suggest.  Further, creation of a new rule requiring the registrant to defend an *in rem* action would contradict long standing and standard practice in ACPA cases subsequent to *Caesars World.*

Plaintiff wrongly asserts that *Caesars World* established a rule requiring a domain registrant to file a claim and an answer under the ACPA.  *Caesars World*, decided less than a year after the passage of the ACPA, came before the court on a Report and Recommendation by the magistrate judge recommending the grant of Plaintiff's Motion for a Finding of Contempt and for Sanctions for defendant's failure to comply with court-ordered discovery.  112 F. Supp. 2d 505 (E.D. Va. 2000).  The defendant domain name had refused to answer discovery requests on behalf of its registrant, instead asserting that:  "No response to plaintiff's discovery has been or will be made by the sponsor of the litigation for defendant Internet domain name Caesarcasino.com."  *Id.* at 507.  While recognizing that the "ACPA does not specify a procedure for claimants in an *in rem* action," *id.* at 509, Judge Brinkema turned to admiralty and civil forfeiture cases for guidance, noting that Supplemental Admiralty and Maritime Claims Rule C(6) requires a claimant to file a claim, serve an answer, and participate in discovery, *id.* at 508. Accordingly, to cure the defendant's repeated evasiveness in discovery, Judge Brinkema permitted the registrant leave to file "an amended answer or proper claim and complete responses to the outstanding discovery requests."  *Id.* at 509.

A simple KeyCite or Shepardization of *Caesars World* reveals that this Court has

repeatedly refused to interpret that decision to impose any procedural requirement for defending an *in rem* action under the ACPA as now advocated by Carptenter.  Subsequent cases have established that *Caesars World* does not stand for anything more than the proposition that a domain registrant cannot avoid discovery by relying on the *in rem* nature of the action.  In *Harrods Ltd. v. Sixty Internet Domain Names*, the owners of the London department store brought *in rem* an action under the ACPA against sixty Internet domain names containing some form of the Harrods formative mark.  157 F. Supp. 2d 658 (E.D. Va. 2001), *rev'd on other grounds*, 302 F.3d 214 (4th Cir. 2002).  In both this Court and the United States Court of Appeals for the Fourth Circuit, the defendant domain names, through counsel, defended the action without a formal claim or answer from the registrant.  *See* Defendant's Answer to Plaintiff's Second Amended Complaint, *Harrods Ltd. v. Sixty Internet Domain Names*, 157 F. Supp. 2d 658 (E.D. Va. 2001) (No. 00-262-A), 2001 WL 34764669; *Harrods*, 157 F. Supp. 2d at 666 (recognizing the argument by the "defendant Domain Names"); *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 223 (4th Cir. 2002) (noting that the "Domain Names moved to dismiss").[4]  That Judge Brinkema, within a year after her opinion in *Caesars World*, did not require the domain name registrant to appear demonstrates the absence of the alleged rule that Plaintiff now suggests was created by Judge Brinkema's earlier *Caesars World* opinion.

Moreover, Judge Brinkema's opinion in *Harrods* expressly recognized the narrow reach of her earlier opinion in *Caesars World*, stating that the latter "concerned the narrow issue of whether a defendant domain name has an obligation to respond to discovery and, if so, whether

[4] Plaintiff's citation to the district court's decision in *Harrods* for the notion that "Subsequent case law follows the holding in *Caesar's World* that a registrant was required to act as a party in an in rem action" is plainly misleading.  *See* ECF No. 60 at 6.  The quoted language, that "[a] domain name is the 'address' at which a computer user accesses a website on the Internet," is merely a factual recitation, not a legal conclusion.  Contrary to Plaintiff's assertion, *Harrods* stands for the notion that a registrant is not required to specifically appear to mount a defense on behalf of a domain name that it owns.

the person or entity which registered the domain name exposes itself to personal jurisdiction by filing discovery responses."  157 F. Supp. 2d at 667 n.16.

To the extent that there was any theoretical possibility that *Caesars World* stands for the proposition that a domain name registrant must follow a specific procedure to "claim" a domain name that is subject to an *in rem* action under the ACPA, that possibility was soundly rejected in *Saurikit, LLC v. Cydia.com*, 1:11cv888 (JCC/JFA), 2012 WL 1344392 (E.D. Va. Apr. 17, 2012). In *Saurikit*, the defendant's responsive pleading clearly identified the Hong Kong-based registrant of the domain name, but the pleading was signed by "Counsel for CYDIA.COM," and the registrant never made a formal appearance or claim.  *Id.* at *1.  The registrant did, however, participate in settlement discussions and discovery.  *Id.* at *3.  Nevertheless, as in the case *sub judice*, the plaintiff moved for judgment on the pleadings, relying on *Caesars World*.  The court, however, refused plaintiff's invitation to interpret *Caesars World* as creating the rule now advocated by Carptenter, stating:

> Here, unlike the defendants in *Caesars World*, Cykon has continuously taken the steps required of it in order to come forward and argue its ownership interest in the res. Cykon has engaged Plaintiff in the discovery process and settlement negotiations. And, unlike *Caesars World*, there is no question from the face of the pleadings that Cykon is the owner of the domain name and is a claimant in this case. The Court confirmed this when it addressed the motion to set aside the entry of default and ordered Cykon to meet certain conditions regarding the domain name. Thus, nothing in Caesars World compels a rule that Cykon present its pleadings or sign its Answer any differently than it did in this case. This Court finds that Cykon's Answer is sufficient and denies Plaintiff's motion for judgment on the pleadings.

*Id.*

The instant case is directly analogous to *Saurikit*.  Just as the domain name registrant there "engaged Plaintiff in the discovery process and settlement negotiations," OWV has engaged Carptenter.  Moreover, "there is no question from the face of the pleadings that [OWV] is the owner of the domain name and is a claimant in this case."  Accordingly, as confirmed by

*Saurikit*, the registrant has done everything that it needs to do for the domain name to defend this *in rem* action.

## II.   COURTS ROUTINELY PERMIT A DEFENDANT DOMAIN NAME TO APPEAR ON ITS OWN BEHALF IN *IN REM* ACTIONS.

It is a routine practice in this circuit, and in other federal courts, for a defendant domain name in an *in rem* action filed under the ACPA to litigate the action without joining a "sponsor" as a party. *See, e.g.*, *Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248 (4th Cir. 2002); *Healthmount A.E. Corp. v. Technodome.com*, 22 Fed. App'x 344 (4th Cir. 2002); *Harrods*, 302 F.3d 214; *Atlas Copco AB v. Atlascopcoiran.com*, 533 F. Supp. 2d 610, 612 (E.D. Va. 2008); *Investools, Inc. v. Investtools.com*, No. 1:06cv210(JCC), 2006 WL 2037577 (E.D. Va. July 17, 2006); *Venetian Casino Resort, LLC v. Venetiangold.Com*, 380 F. Supp. 2d 737, 743 (E.D. Va. 2005); *Lucent Techs., Inc. v. Lucentsucks.com*, 95 F. Supp. 2d 528 (E.D. Va. 2000); *Mattel, Inc. v. Barbie-Club.com*, No. 00 CIV 8705 DLC, 2001 WL 436207 (S.D.N.Y. May 1, 2001), *aff'd* 310 F.3d 293 (2d Cir. 2002).  Plaintiff would have this Court disregard the well-established practice of a defendant domain name responding on its own behalf to announce a new rule that Supplemental and Maritime Claims Rule C(6) should apply to cases filed under the ACPA.[5] There is no controlling authority or other basis for the Court to grant Plaintiff's Motion.

If anything, this Court's opinion in *Caesars World* demonstrates why Plaintiff's alternative remedy of striking Defendant's answer would be improper.  The drastic remedy of granting a Rule 12(f) motion is appropriate only where the presence of the challenged allegations "will be prejudicial to the moving party." *Francisco v. Verizon South, Inc.*, No. 3:09cv737, 2010 WL 2990159, at *5 (E.D. Va. July 29, 2010).  Yet in *Caesars World*, the prejudice did not arise

---

[5] Plaintiff's citation to Local Admiralty Rule 4(c) is apparently in error, as no such rule exists. Plaintiff appears to reference Local Admiralty Rule (c)(3)(e) and (c)(4)(b) for asserting an interest in the maritime property subject to civil forfeiture or Maritime Arrest.

until the defendant domain names twice refused to respond to court-ordered discovery. 112 F. Supp. 2d at 507. Here, Plaintiff has made no allegation of prejudice, nor could he: Plaintiff has served discovery upon Defendant seeking information from OWV and has not received any indication that Defendant will play the "cat and mouse game" that led to the Court's limited holding in *Caesars World*. *See* 112 F. Supp. 2d at 507. To the contrary, Defendant has dutifully responded to Plaintiff's requests. Thus, any claim of prejudice is unfounded.[6]

## III.   MOTIONS TO STRIKE ARE DISFAVORED AND SHOULD ONLY BE GRANTED IN EXTREME CASES.

Finally, Plaintiff cannot overcome the extremely high burden of proof for the Court to grant his alternative request for a motion to strike. Courts generally disfavor Rule 12(f) motions "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990); *see also Hill v. Robeson County, N.C.*, 733 F. Supp. 2d 676. 690 (E.D.N.C. 2010). Accordingly, courts in this circuit have held that such motions "should be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *See, e.g.*, *Schultz v. Braga*, 290 F. Supp. 2d 637, 654–55 (D. Md. 2003); *Francisco*, No. 3:09cv737, 2010 WL 2990159, at *6 ("Even where technically appropriate and well-founded, [however,] motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party." (quoting *Clark v. Milam*, 152 F.R.D. 66, 71 (S.D. W. Va. 1993)); *N.C. Shellfish Growers Ass'n v. Holly Ridge Assocs.*, 200 F. Supp. 2d 551, 554 (E.D.N.C. 2001) ("as far as motions to strike pleadings on the basis of

---

[6] Additionally, even if the Court determines that Plaintiff has established prejudice, "the general practice is to grant the defendant leave to amend." *Banks v. Realty Mgmt. Serv., Inc.*, No. 1:10cv14, 2010 WL 420037, at *1 (E.D. Va. Jan. 29, 2010); *see also Caesars World*, 112 F. Supp. 2d at 509.

immateriality are concerned, a '[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation.'" (quoting *Craig Funeral Home, Inc. v. State Farm Mut. Auto. Ins. Co.*, 254 F.2d 569, 572 (5th Cir. 1958)).

Far from suffering prejudice from the Defendant's substantive claims and defenses, Plaintiff merely seeks to gain a tactical advantage by avoiding scrutiny for, among other things, its flawed trademark registration and untenable claim of cybersquatting. Such tactics should be summarily denied.

## CONCLUSION

For all the foregoing reasons, Defendant MYSCHOOL.COM has complied with all of the procedural requirements under both the ACPA and the Federal Rules of Civil Procedure for participating in the *in rem* action that Plaintiff brought before this Court. Accordingly, and for the reasons set forth above, Plaintiff's Motion should be denied.

Defendant also should be awarded its attorneys' fees and costs incurred in responding to this Motion pursuant to 28 U.S.C. § 1927 and the inherent power of this Court given that Plaintiff's Motion has no basis, is clearly contradicted by case law and longstanding procedure in this Court, and Plaintiff has refused to withdraw the Motion despite being provided with specific notice of the foregoing and the opportunity for withdrawal. Such actions rise to the level of bad faith and merit an award of fees and costs. *See Blair v. Shenandoah Women's Center, Inc.*, 757 F.2d 1435, 1438 (4th Cir. 1985) ("[An attorney] may zealously represent his client, but only within the bounds of 28 U.S.C. § 1927, Fed. R. Civ. P. 11, as amended, and the court's inherent power to govern and regulate the conduct of litigation before it.").

Dated: July 1, 2015       By:     /s/_Attison L. Barnes, III /s/_____
                                  Attison L. Barnes, III (VA Bar No. 30458)
                                  David E. Weslow (Pro Hac Vice)
                                  Ari S. Meltzer (Pro Hac Vice)
                                  Rebecca L. Saitta (VA Bar No. 65408)
                                  WILEY REIN LLP
                                  1776 K St. NW
                                  Washington, DC 20006
                                  (202) 719-7000 (phone)
                                  (202) 719-7049 (fax)
                                  abarnes@wileyrein.com
                                  dweslow@wileyrein.com
                                  ameltzer@wileyrein.com
                                  rsaitta@wileyrein.com

                                  *Counsel for Defendant MYSCHOOL.COM*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of July 2015, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record for Plaintiff JOSEPH L. CARPTENTER:

> Steven Rinehart, Esq.
> 110 S. Regent Street
> Suite 200
> Salt Lake City, Utah 84111
> steve@uspatentlaw.us

> _____ /s/ Attison L. Barnes, III /s/___
> Attison L. Barnes, III (VA Bar No. 30458)
> WILEY REIN LLP
> 1776 K St. NW
> Washington, DC 20006
> (202) 719-7000 (phone)
> (202) 719-7049 (fax)
> abarnes@wileyrein.com

> *Counsel for Defendant MYSCHOOL.COM*