UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH L. CARPENTER, an individual; <br><br> Plaintiff, <br> v. <br><br> <myschool.com>, a domain name; <br><br> Defendant. | Case No.: 1:15-CV-212-AJT/JFA |

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS OR TO STRIKE IN THE ALTERNATIVE**

Plaintiff, by and through his attorney, hereby submits this Reply Memorandum in Support of Plaintiff's Motion for Judgment on the Pleadings as to Defendant's Answer and Counterclaims, or to Strike in the Alternative.

### 1.0    RESPONSE TO DEFEDANT'S INTRODUCTION AND BACKGROUND

Defendant misstates several factual items in the Introduction and Background section of its opposition memorandum, including that Plaintiff brought this motion "after serving two sets of discovery requests" and after Defendant had "participated in this litigation" for "more than three months." None of this is accurate. Plaintiff had served only one discovery request at the time it brought the present motion (the second discovery was request was served subsequently). Plaintiff brought the present motion on June 17, 2015, which is was *less* than three months after Defendant appeared on March 18, 2015.

Discovery is ongoing, and Plaintiff's Rule 12(c) motion was not untimely filed. Defendant has misrepresented or exaggerated its legal arguments just as it has its facts it attempt to confuse an issue which is actually clear: that the *res* cannot appear on its own.

## 2.0     ARGUMENT AND AUTHORITIES

### 2.1     Defendant's Arguments Are Based on One Unreported Memorandum Decision and Several Dismissed Cases in Which the Central Issue Argued Here Was Never Ruled Upon.

In support of its position that the *res* may appear and defend the case, Defendant argues that:

(1) The holding of *Caesar's World* is too old to be followed;

(2) This Court should be dismissive of the plain holding in *Caesar's World*,[1] and instead should follow Defendant's interpretation of nonbinding ACPA cases cited by Defendant in which the standing of a domain name to answer was never challenged nor ruled upon; and

(3) This Court is bound by a single unreported memorandum decision in *Saurikit, LLC v. Cydia.com*, 1:11cv888 (JCC/JFA), 2012 WL 1344392 (E.D. Va. Apr. 17, 2012), which this Court has declined to follow in subsequent decisions on this issue in subsequent cases.

### 2.2     Defendant's Arguments.

The Court never ruled that a domain name could appear and defend an ACPA action in any of the cases cited by Defendant. Each are cases in which a domain name answered, or arguably appeared, but in which the standing of the domain name to do so was not challenged. It is simply disingenuous for Defendant to cite them. Addressing each in turn:

---

[1] *Caesars World, Inc. v. Casesars-Palace.com*, 112 F. Supp. 2d 505, 506-07 (E.D. Va. 2000) ("

1. *Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 253-55 (4th Cir. 2002) (one claim in this case was dismissed because personal jurisdiction existed over the registrant, and the other claim dismissed because of a pending case in California. The standing of the *res* to appear was never challenged or ruled upon).

2. *Heathmount A.E. Corp. v. Technodome.com*, 22 Fed. Appx. 344, 2002 WL 27213, at *1 (4th Cir. 2002) (a case voluntarily dismissed by the plaintiff; standing of the *res* never ruled upon);

3. *Atlas Copco AB et al v. Atlascopcoiran.com et al.*, 533 F. Supp. 2d 610, 612 (E.D. Va. 2008) (a case in which default judgment was entered without a ruling on the right of the *res* to challenge the case);

4. *Investools, Inc. v. Investtools.com*, No. 1:06-cv-210(JCC), 2006 WL 2037577, at *1 (E.D.Va. Jul. 17, 2006) (a case in which summary judgment was awarded by default without a decision on the right of *res* to defend the case);

5. *Venetian Casino Resort LLC v. Venetiangold.com*, 380 F. Supp. 2d 737, 739 (E.D. Va. 2005) (a case in which summary judgment was awarded without ruling on the right of the *res* to appear);

6. *Lucent Technologies, Inc. v. Lucentsucks.com*, 95 F. Supp. 2d 528, 536 (E.D.Va. 2000) (a case dismissed without a ruling on this issue); and

7. *Mattel, Inc. v. Barbie-Club.Com*, No. 00 CIV 8705 DLC, 2001 WL 436207, at *3 (S.D.N.Y. May 1, 2001), *aff'd* 310 F.3d 293 (2d Cir. 2002) (another case dismissed without a ruling on this issue).

Defendant's arguments thus rely almost entirely on a memorandum decision in the unreported case of *Saurikit, LLC v. Cydia.com*, 1:11cv888 (JCC/JFA), 2012 WL 1344392 (E.D. Va. Apr. 17, 2012). Defendant asserts that this memorandum decision is somehow controlling

and proof of the bad faith filing of Plaintiff's motion, despite the fact this Court has not followed *Saurikit's* reasoning in subsequent decisions on this issue. *See* Order Striking Answer dated August 3, 2012 attached hereto as **Exhibit A** from *Bright Imperial Limited v. RT Media Solutions, S.R.O.*, 1:11-cv-935 (LO/TRJ) (E.D. Va. Aug. 3, 2012).

*Caesar's World* is the only authority which the Court or litigants can turn to for guidance on this issue, and its holding is clear. Although Defendant attempts to cite *Harrod's Ltd. v. Sixty Internet Domain Names*, 157 F. Supp. 2d 658 (E.D. Va. 2001), *rev'd*, 302 F.3d 214 (4th Cir. 2002) in support of its position, Defendant merely asserts that *Harrod's* implies support for Defendant's arguments. Plaintiff submits that *Harrod's* actually stands for the opposite proposition, that a domain name is not legal entity with standing.[2]

Thus all of Defendant's arguments in its opposition memorandum are based on one unreported, unfollowed memorandum decision; and cases in which the issue underlying this motion was never addressed by the Court. Yet, Defendant insists it is Plaintiff's whose arguments are so flawed as to be made in bad faith.[3]

Defendant has already subjected itself to *in personam* jurisdiction in the case by filing its Counterclaims in this matter,[4] and it would not be prejudicial to Defendant to obligate Defendant to simply refile its Answer in the name of the claimant. This Court should grant Plaintiff's Rule 12(c) Motion for Judgment on the Pleadings or Strike the Answer of Defendant.

---

[2] "A domain name is the 'address' at which a computer user accesses a website on the Internet." 302 F.3d at 221. Cases cited by Plaintiff in this motion establish a computer address does not have standing.

[3] Defendant makes much of the fact that it believes Plaintiff's counsel answered a previous ACPA case on behalf of the *res*, but no counterclaims were filed with that answer as doing so would have been improper (a fact Defendant ignored in bringing its Counterclaims here), nor is it a revelation that many claimants have attempted to answer on behalf of the *res* in ACPA cases.

[4] Defendant's withdrawal of its Counterclaims is an ineffective attempt to run from jurisdiction.

### 3.0 ATTORNEY FEES

Defendant has demanded attorney fees in every motion it has brought before the Court in this matter, in every opposition brief it has filed in response to Plaintiff's motions, and threatened Plaintiff with attorney fees in every meet and confer the parties have had. So often repeated, these threats become petty, and consistent with the larger strategy of Defendant to try and win the case through bullying – a pattern further evidenced in Defendant's never-ending discovery, motions to compel, and midnight threats like those made in the email included in Defendant's opposition memorandum. (Doc. 69 Ex. E.)

In attempt to be civil, and in recognition that legitimate disagreement underlies most motions and cases, Plaintiff has not yet requested attorney fees in any motion or motion-related paper filed in this case. However, to the extent this Court finds from Defendant's opposition memorandum that Defendant's Counterclaims (though now withdrawn) were filed with knowledge of their impropriety, Plaintiff would request attorney fees in connection with this motion, which was necessary to compel Defendant to dismiss its Counterclaims. Importantly, Defendant's counsel previously filed nearly identical counterclaims and a nearly identical memorandum opposing the dismissal of those counterclaims in the case of *Entrepreneur Media, Inc. v. Entreprenuer.com*, 1:11-cv-584 (CMH/TFJ) (E.D. Va. Oct. 11, 2011). With knowledge that its counterclaims had been dismissed previously because they were filed by the *res*, Defendant's counsel nonetheless again filed nearly identical papers in the present case, also by the *res* – then accused Plaintiff of bad faith in protesting this filing. Even if the Answer is deemed filed in good faith under the arguments presented by Defendant, the filing of the Counterclaims was certainly not.

Previously Plaintiff has withdrawn motions in this matter without demanding attorney fees in an attempt to be civil, including a motion to compel, which civility is unreciprocated by Defendant.

### 4.0     CONCLUSION

In short, the Answer filed by the *res* is legally insufficient and should be dismissed or stricken.

DATED this the 2nd day of July, 2015.

/s/ *[signature]*

Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiff*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@uspatentlaw.us

## CERTIFICATE OF SERVICE

   I hereby certify that on July 2, 2015 a copy of the foregoing **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 12(c) MOTION FOR JUDGMENT ON THE PLEADING OR ALTERNATIVELY TO STRIKE** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

               /s/ Steven Rinehart
               Steven Rinehart