**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JOSEPH L. CARPTENTER, an individual;<br><br>Plaintiff,<br>v.<br><br>&lt;myschool.com&gt;, a domain name;<br><br>Defendant. | Case No.: 1:15-CV-00212-AJT-JFA |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR REGISTRY LOCK AND ORDER ENJOINING OWV FROM FURTHER ATTEMPTS TO SELL THE *RES*.**

Plaintiff respectfully submits this Memorandum of Law in support of his Motion for a Registry Lock and Order Enjoining Original Web Ventures (OWV) from further attempts to sell the *res* <myschool.com>.

### 1.0 ARGUMENT

1.1 **Defendant is Unlawfully Attempting to Dispose of the *Res*.**

On June 29, 2015, Plaintiff received notice that Defendant was in contact with prospective buyers and attempting to sell the *res* <myschool.com> underlying this proceeding in violation of 15 U.S.C 1125(d)(2)(D), which requires that registrars and "other domain name authorities" shall "not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court."

Attached hereto as **Exhibit A** is an email chain between Defendant's domain broker Brooke Hernandez and a prospective buyer evidencing attempts by Defendant in the last several days to dispose of the *res*.[1] Defendant's continued attempts to sell the *res* using numerous third-

---

[1] https://domainnamesales.com/buy?id=vjOzkXYeT&ah=pkb3LYCSj&cid=0cb

parties across the Internet, including DomainNameSales.com, is a violation of the express provisions of the ACPA.

1.2     **The Registrar Refuses to Comply with 15 U.S.C 1125(d)(2)(D).**

The registrar in this action is Uniregistrar Corp is in the Cayman Islands.  (Doc. 1 Ex. B.) In response to attempts by Defendant OWV to dispose of the *res*, Plaintiff sent a letter to the registrar Uniregistrar Corp on June 29, 2015 attached hereto as **Exhibit B** informing Uniregistrar that it must comply with 15 U.S.C 1125(d)(2)(D) which provides that:

> Upon receipt of written notification of a filed, stamped copy of a complaint filed by the owner of a mark in a United States district court under this paragraph, the domain name registrar, domain name registry, or other domain name authority shall -
>
> **(I) expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain name to the court**; and
>
> **(II) not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court.**

15 U.S.C 1125(d)(2)(D)(emphasis added).

The registrar sent Plaintiff a reply on June 30, 2015 refusing to comply with the relevant provisions of the ACPA attached hereto as **Exhibit C** on the claim that the registrar is not subject to jurisdiction in the US.

 Pursuant to 15 U.S.C 1125(d)(2)(D), the registrar must "expeditiously deposit with the court documents sufficient to establish the court's control and authority regarding the disposition of the registration and use of the domain [<myschool.com>] to the court."  All registrars must agree "not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court."

1.3     **The Court Should Order VeriSign to Impose a Registry Lock on the *Res*.**

Plaintiff has attached a proposed order as **Exhibit D** hereto, ordering VeriSign, Inc., the registry for all .com gTLDs located within this District, impose a registry lock preventing the *res* <myschool.com> from being sold or otherwise transferred during the pendency of this dispute.

The ACPA provides that a "United States district court under this paragraph" shall order the domain name registrar, **domain name registry**, or other domain name authority" to "not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court." 15 U.S.C 1125(d)(2)(D).  VeriSign is the registry in this action. Plaintiff's counsel has conferred with VeriSign's counsel, and VeriSign has represented that it has no objection to imposing a registry lock should the Court so order.

1.4     **The Court Should Order OWV to Discontinue All Attempts to Sell the *Res*.**

The ACPA mandates that a "domain name authority" (including OWV, which owns the domain), shall not "not transfer, suspend, or otherwise modify the domain name during the pendency of the action, except upon order of the court."

The All Writs Act additionally provides, in pertinent part, that:

§ 1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

In essence, "Congress codified 'the long recognized power of courts of equity to effectuate their decrees by injunctions and writs of assistance.' " *Burr & Forman v. Blair*, 470 F.3d 1019, 1026 (11th Cir 2006) (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1470 (11th Cir 1999). *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir 1986) (en banc) ("Federal courts have

both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

Original Web Ventures (OWV) should likewise be ordered by the Court, as the claimant of the *res* and "a domain name authority" under 15 U.S.C 1125(d)(2)(D) to discontinue all attempts to sell <myschool.com> during the pendency of this proceeding, to revoke authority from all third-parties with whom OWV has contracted for the sale of the domain, and to remove all auctions and advertisements for the sale of <myschool.com>. The fact that OWV claims to be a nonparty to the action (claiming that only the *res* has appeared rather than OWV itself) does not prevent the Court from ordering OWV as nonparty to discontinue all attempts to sell the *res* under the All Writs Act – but does further emphasize problems inherent in continued recognition of OWV as a nonparty. OWV is actively attempting to sell the *res* within the United States, along with tens of thousands of other domain names.

As stated by the Fifth Circuit, this Act "empowers a federal court to employ procedures necessary to promote the resolution of issues in a case properly before it." *ITT Community Development Corporation v. Barton*, 569 F.2d 135, 1359 (5th Cir. 1978). The issuance of a writ is proper to protect "not only ongoing proceedings, but potential future proceedings as well as already issued orders and judgments." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1099 (11th Cir. 2004). *See Burr & Forman*, 470 F.3d at 1026.

The Act's broad authority allows a court, in its discretion, to direct a writ to not only to the party immediately before the court, but also to "third parties who are in a position to frustrate a court's administration of its jurisdiction." *Burr & Forman*, 470 F.3d at 1027. *See United States v. New York Tel. Co.*, 434 U.S. 159, 174, 98 S. Ct. 364, 373, 54 L. Ed. 2d 376 (1977) ("The power conferred by the Act extends, under appropriate circumstances, to persons who<u>, though not parties to the original action or engaged in the wrongdoing</u>, are in a position to frustrate the implementation of a court order or the proper administration of justice and encompasses even

those who have not taken any affirmative action to hinder justice.") "Nonparties are bound by an injunction to ensure 'that defendants [do] not nullify a decree by carrying out prohibited acts through aiders and abettors, although they were not parties to the original proceeding." *Regal Knitwear Co. v. NLRB* (1945), 324 U.S. 9, 14 [65 S.Ct. 478, 481, 89 L.Ed. 661, 666.

Indeed, an injunction under the All Writs Acts need only "point to some ongoing proceeding, or some past order or judgment, the integrity of which is being threatened by someone else's action or behavior." *Klay*, 376 F.3d at 1100.

## 2.0     CONCLUSION

For the reasons stated herein, My School, Inc. respectfully requests that this Motion be granted and VeriSign ordered impose a registry lock on <myschool.com>.

DATED this the 8th day of July, 2015.

/s/ Steven Rinehart
Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiff*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@uspatentlaw.us

-6-

## CERTIFICATE OF SERVICE

   I hereby certify that on July 8, 2015 a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR REGISTRY LOCK** was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

                /s/ Steven Rinehart
                Steven Rinehart