**Steven Rinehart**

| | |
|---|---|
| From: | John Berryhill, Ph.d., Esq. <john@johnberryhill.com> |
| Sent: | Tuesday, June 30, 2015 12:32 PM |
| To: | Steven Rinehart |
| Cc: | Barnes III, Attison; rsaitta@wileyrein.com; Bret Fausett |
| Subject: | Re: Fwd: Notificaiton of Cybersquatting Litigation in Eastern District of Virginia - Case No. 1:15-cv-212 |

Dear Mr. Rinehart,

Your message below to my client Uniregistry.com has been forwarded to my attention. I am further copying this reply to defendant's counsel in the referenced matter.

As you know, and have admitted in your pleadings in this matter, the registrar Uniregistrar d/b/a Uniregistry.com is not located in the United States, and likewise the situs of the registration agreement is not located in the United States.

As you should know, every US court which has addressed the question of the document deposit requirement of the in rem proceedings of 15 USC
1125 has rejected your interpretation of it as requiring a registrar outside of the jurisdiction of the trial court to deposit such an
instrument with the court.   For example in Fleetboston Financial Corp.
v. Fleetbostonfinancial. Com, 138 F. Supp. 2d 121 (D. Mass. 2001), the court noted:

"The statute simply does not make linguistic sense if it is read to allow actions to be brought either in the judicial district in which the registrar, registry, or other authority is located or in any judicial district that the plaintiff chooses to bring the action. Subparagraph
(C) states that it pertains to "an in rem action brought under this paragraph," signifying that it pertains to the same action specified in subparagraph (A). Furthermore, nothing in subparagraph (C) or (D) suggests that it provides for an in rem action other than the one brought under subparagraph (A), which specifies that the action may only be brought in the judicial district in which the registrar, registry, or other authority is located."

The same conclusion, rejecting the notion of "portable jurisdiction"
established by the document deposit provisions of the statute, was reached in Standing Stone Media, Inc. v. Indiancountrytoday.com, 193 F.
Supp. 2d 528 (N.D.N.Y. 2002); Mattel, Inc. v. Barbie-Club.com, 2001 WL
436207 (S.D.N.Y. May 1, 2001); and Ford Motor Co. v. Greatdomains.com,
Inc.,177 F. Supp.2d 656, 658 (E.D.Mich. 2001).

Citing these cases with approval, the Eastern District of Virginia found in Cable News Network, L.P., L.L.L.P., v. CNNews.Com, 162 F. Supp.2d
484,489 n. 15 (E.D.Va. 2001):

"Fleetboston and Mattel, Inc. v. Barbie-Club.com each held that there is no constitutional basis for in rem jurisdiction when the adjudicating court merely has possession of the certificate of the domain name, but the registrar, registry, or other domain name authority is not located in the court's district."

It is surprising that, some four months after having filed the Complaint, you are just now bothering to read the statute under which you are proceeding. But, given those circumstances, it is less surprising that you are apparently familiar with how the statute has been consistently interpreted and applied by every district court which has considered the question, including the Eastern District of Virginia.

There is, of course, a reason why the question of a registrar certificate in relation to .com domain names does not frequently arise in the Eastern District of Virginia. Perhaps when you ponder the phrase "the domain name registrar, domain name registry, or other domain name
authority" therein, that reason will occur to you. Perhaps not.

Uniregistry.com will not be complying with your demand. Please direct any future communication in this matter directly to my attention.
Furthermore, as Uniregistry.com has no substantive role in this dispute, should you feel led to transmit any further demands, please copy your opposing counsel on them.

Sincerely,

John Berryhill, Ph.d. Esq.
204 East Chester Pike
First Floor, Suite 4
Ridley Park, PA 19078
+1.610.565.5601
+1.267.386.8115 fax
john@johnberryhill.com


>
>
>> Begin forwarded message:
>>
>> *From: *"Steven Rinehart via Uniregistry Support System"
>> <udrp@uniregistry.com <mailto:udrp@uniregistry.com>>
>> *Subject: **[Uniregistry #58484] Notificaiton of Cybersquatting
>> Litigation in Eastern District of Virginia - Case No. 1:15-cv-212*
>> *Date: *June 29, 2015 at 9:29:22 PM EST
>> *Reply-To: *udrp@uniregistry.com <mailto:udrp@uniregistry.com>
>>
>>
>> Tue Jun 30 02:29:20 2015: Request 58484 was acted upon.
>> Transaction: Ticket created by steve@uspatentlaw.us
>> <mailto:steve@uspatentlaw.us>
>>       Queue: RAR-UDRP
>>     Subject: Notificaiton of Cybersquatting Litigation in Eastern
>> District of Virginia - Case No. 1:15-cv-212
>>       Owner: Nobody
>>  Requestors: steve@uspatentlaw.us <mailto:steve@uspatentlaw.us>
>>      Status: new
>> Ticket <URL: https://rt.uniregistry.com/Ticket/Display.html?id=58484
>> >
>>
>>
>> To Uniregistrar Corp:

2

>>
>> My name is Steven Rinehart. I am an attorney in the US, and represent
>> the Plaintiff in the matter of Joseph Carptenter v. myschool.com
>> <http://myschool.com> in US District Court for the Eastern District
>> of Virginia (Case No. 1:15-cv-212). This email along with its
>> exhibits serve as notification under the Anticybersquatting Consumer
>> Protection Act (ACPA), 15 U.S.C 1125(d), of a complaint filed by the
>> owner of the trademark MY SCHOOL in the United States (Registration
>> No. 3568160) for cybersquatting against the registrant of
>> <myschool.com <http://myschool.com>>.  Enclosed with this email is a
>> letter; and, as Exhibit A is a copy of the Plaintiff' US trademark
>> registration, as well as a copy of the filed, stamped copy of the
>> complaint commencing this action as Exhibit B.
>> Pursuant to 15 U.S.C 1125(d)(2)(D), you must "expeditiously deposit
>> with the court documents sufficient to establish the court's control
>> and authority regarding the disposition of the registration and use
>> of the domain [<myschool.com <http://myschool.com>>] to the court."
>> You must additionally "not transfer, suspend, or otherwise modify the
>> domain name during the pendency of the action, except upon order of
>> the court."
>>
>> Hopefully, it is unnecessary to advise you that the Plaintiff would
>> consider it an egregious violation of Uniregistrar's duties under its
>> ICANN registrar approval and the ACPA if you were to allow the
>> registrant of <myschool.com <http://myschool.com>> to sell, transfer
>> or otherwise modify the registration of <myschool.com
>> <http://myschool.com>>. If you have any further questions concerning
>> this matter, I am available via phone or email anytime. Thank you for
>> your consideration. We will eagerly await your deposit of the
>> required documents with the court in this matter
>>
>> Sincerely Yours,
>> Steven Rinehart
>> Registered Patent Attorney
>> 110 S. Regent Street, Suite 200
>> Salt Lake City, UT 84111
>> Office: (888) 941-9933
>> Mobile: (801) 347-5173
>> Fax: (801) 665-1292
>>
>> Notice: This communication, including attachments, may contain
>> information that is confidential and protected by the attorney/client
>> or other privileges. It constitutes non-public information intended
>> to be conveyed only to the designated recipient(s). If the reader or
>> recipient of this communication is not the intended recipient, an
>> employee or agent of the intended recipient who is responsible for
>> delivering it to the intended recipient, or you believe that you have
>> received this communication in error, please notify the sender
>> immediately by return e-mail and promptly delete this e-mail,
>> including attachments without reading or saving them in any manner.
>> The unauthorized use, dissemination, distribution, or reproduction of
>> this e-mail, including attachments, is prohibited and may be

>> unlawful. Receipt by anyone other than the intended recipient(s) is
>> not a waiver of any attorney/client or other privilege.
>>
>
>
>