**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| JOSEPH L. CARPENTER, | |
| Plaintiff, | |
| v. | Case no. 1:15cv212-JFA |
| MYSCHOOL.COM, | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
THIRD MOTION TO COMPEL**

Defendant MYSCHOOL.COM ("Defendant"), by counsel, files this

memorandum in support of its Third Motion to Compel full and complete discovery

responses from Plaintiff Joseph L. Carpenter ("Carpenter" or "Plaintiff") and re-

designation of certain materials, and states as follows:

**CERTIFICATE OF GOOD FAITH EFFORT**

Undersigned counsel has satisfied the requirements of making a good faith effort

to resolve the issues presented by this motion.  On August 5, 2015, counsel for Defendant

sent a letter to both counsel of record for Carpenter identifying the specific issues that

serve as the basis for this motion.  *See* Letter from Ari Meltzer, Counsel for Defendant, to

David Ludwig, Counsel for Carpenter (Aug. 5, 2015), attached hereto as Exhibit A.  The

introduction to that letter explained:

> Although it is our desire to reach an amicable resolution, if we cannot
> resolve these concerns prior to Friday afternoon, given the impending

conclusion of the discovery period, we will have no choice but to file an appropriate motion with the court. Accordingly, please provide your availability prior to noon on Friday to confer by telephone regarding these issues, which are discussed more fully below.

Although Mr. Ludwig has subsequently responded to Defendant's counsel regarding other issues, neither counsel of record for Carpenter has responded to the concerns addressed in the August 5 letter, necessitating the instant motion.

## <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

This action is latest of Carpenter's unsupported legal claims seeking the forced transfer of the MYSCHOOL.COM domain name.  Despite not one, but two, unanimous three-member Uniform Domain Name Dispute Resolution Policy ("UDRP") panels determining that the registration and use of the MYSCHOOL.COM domain name is both a legitimate use relating to the descriptive nature of the domain name and is "consistent with the legitimate practice of generic domain resale," Carpenter nevertheless comes to this Court seeking a third bite at the apple.

Carpenter's cybersquatting claims improperly contend that Original Web Ventures, Inc.'s registration of the MYSCHOOL.COM domain name violates Carpenter's trademark rights—as asserted in Defendant's counterclaim under 15 U.S.C. 1114(2)(D)(iv).  Carpenter's allegations are surprising given the questionable nature of Carpenter's asserted trademark.  To obtain and renew his trademark for the MYSCHOOL mark, Carpenter represented *under oath* to the United States Patent and Trademark Office that the purported mark MYSCHOOL has been used in U.S. Commerce since December 2008 in association with all of the following services:

> Advertising services, namely, advertising, promoting and offering information about the goods and services of others via a global communication network; providing a web site that enables users to post items for sale through on-line

2

classified advertisements and messages; Communications services, namely, providing on-line chat rooms and forums for transmission of messages, photographs, information and data among computer users in the field of general interest, including among alumni of various educational institutions; Electronic transmission of information, messages, data, sound, images and documents among users of computers; Providing on-line communications links which transfer the website user to other local and global web pages electronic transmission of data and documents among users of computers; providing access to databases via a global communication network"

In fact, it appears that Carpenter has not used the purported mark in connection with each

of these services, rendering the asserted trademark registration invalid.

Defendant has served Requests for Production of Documents upon Carpenter,

which included, *inter alia*, the following requests:

- Request No. 51: Produce all communications between You and Tech 2000 regarding the mobile phone application referenced in your supplemental response to Interrogatory No. 3.

- Request No. 52: Produce all documents or communications relating to the development of the mobile phone application referenced in your supplemental response to Interrogatory No. 3.

- Request No. 53: Produce all documents reflecting the use of Carpenter's Mark in connection with the mobile phone application referenced in your supplemental response to Interrogatory No. 3.

- Request No. 55: Produce all documents or communications relating to the development of any web site displayed at the url www.myschool411.com.

- Request No. 65: Produce all documents or communications reflecting Your relationship with Tech 2000.

- Request No. 66: Produce all documents or communications reflecting the assignment of any goodwill related to Tech 2000's use of the MYSCHOOL mark from Tech 2000 to You.

*See* MySchool.com's Second Request for Production of Documents and Things, attached

hereto as Exhibit B.

On June 15, 2015, the Court entered a Protective Order Without Sealing Provisions.  ECF No. 58 (the "Protective Order").  The preamble to the Protective Order describes its purpose as "to adequately protect information the parties are entitled to keep congidential" and "to ensure that only materials the parties are entitled to keep confidential are subject to such treatment."

## ARGUMENT

### A.      Standard to Compel Discovery.

Fed. R. Civ. P. 37 permits the Court to compel disclosure or discovery in response to written discovery requests.  Rule 37 also permits the Court to award "reasonable expenses incurred in making such motion, including attorneys' fees."  Local Rule 37(a) further provides that "[a]fter a discovery request is objected to" the party initiating the discovery may "place the matter before the Court . . . to compel an answer, production, designation, or inspection."

It is well-established that the "test for whether material is within the scope of discovery is very broad" even if the "information may turn out to be irrelevant for purposes of trial . . . ."  *Wu v. Tseng*, Civil Action No. 2:06cv346, 2007 WL 4143077, at *3 (E.D. Va. Nov. 19, 2007); *see also Carefirst of Md, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir. 2003).  Also, "[t]he burden of proof is with the party objecting to discovery to establish that the challenged production should not be permitted."  *Capital One Bank v. Hess Kennedy Chartered*, Civil No. 3:08CV147, 2008 WL 4467160, at *2 (E.D. Va. 2008) (citations omitted).

4

**B.**     **Carpenter Has Failed to Produce Documents Responsive to Defendant's Requests.**

It is evident from the documents produced by Carpenter that he has failed to produce documents in his possession or control that are responsive to Defendant's requests.  These documents fall into two categories: (i) a recent e-mail sent by Carpenter to a non-party to produce evidence for this dispute; and (ii) e-mails pertaining to the development of MySchool411.com.

*(i) Carpenter's E-mail to Churchwell*

Document Request No. 66 sought "all documents or communications reflecting the assignment of any goodwill related to Tech 2000's use of the MYSCHOOL mark from Tech 2000 to You."  In his written response, Carpenter stated, "Subject to the objections previously made, Plaintiff has provided responsive documents, if any, as **Exhibit BJ** hereto."  *See* Responses to Defendant's Second Set of Interrogatories, Requests for Admission, and Requests for Production of Documents, attached hereto as Exhibit C.  Carpenter's Exhibit BJ included only the document identified as PLAINTIFF00000599, which is an e-mail from George Churchwell to Carpenter dated June 16, 2015, attached hereto as Exhibit D.  The subject line reads, "Long time….. Need a quick moment", which appears to be the subject of Carpenter's request of Mr. Churchwell.  The body of the e-mail includes pasted text, apparently from Carpenter's original e-mail, followed by the words "This is in fact accurate".

From the context of this e-mail, it clearly was sent in response to another e-mail from Carpenter that has not been produced and from which Mr. Churchwell copied text apparently proposed by Carpenter.  Such an e-mail would clearly be responsive to this request (or one of the other requests regarding communications with Tech 2000).  Thus,

5

either: (i) Carpenter has failed to produce a responsive document in his possession, or (ii) Carpenter has committed spoliation by improperly deleting an e-mail that he sent while this litigation was pending.

### (ii) E-mails Pertaining to the Development of MySchool.com

Document Request No. 55 sought "all documents or communications relating to the development of any web site displayed at the url www.myschool411.com."  In his written response, Carpenter stated, "Subject to the objections previously made, Plaintiff is still gathering documents which he will provide within ten days."  *See* Exhibit C. Plaintiff ultimately produced the documents identified as PLAINTIFF00000874 through PLAINTIFF00000899, which are a series of e-mails beginning on October 15, 2008 and continuing through December 8, 2008 regarding the development of a website (presumably to be displayed at myschool411.com), attached hereto as Exhibit E.

These documents indicate that much of the communication regarding the development of the website to be displayed at myschool411.com took place by e-mail and that Mr. Carpenter continues to have access to such communications.  Nevertheless, no additional documents were produced for the period between December 8, 2008 and September 17, 2009, and only a limited number of subsequent e-mails were provided. Such documents would be responsive to, among other requests, Document Request 55, which seeks "all documents or communications relating to the development of any web site displayed at the url www.myschool411.com."  *See* PLAINTIFF00000900 through PLAINTIFF00000924, attached hereto as Exhibit F.  Given the apparent and inexplicable gap in communications, Defendant has sought confirmation that Carpenter has produced

all documents and communications responsive to this request.  Plaintiff has not responded to this request.

In light of the foregoing, the Court should compel Carpenter to provide full and complete responses to each of the aforementioned requests.

### C.   Carpenter Has Designated Documents as Highly Confidential Inconsistent with the Protective Order.

Pursuant to the Protective Order, the only material that should be designated as "Highly Confidential – Outside Counsel's Eyes Only" is material that "the Designating Party believes in good faith is not generally known to others and has competitive value such that unrestricted disclosure to others would create a risk of serious injury." Protective Order, ¶ 6.  Paragraph 28 of the Protective Order provides that a designation may be challenged in writing and that "[t]he parties shall use their best efforts to resolve promptly and informally such disputes."  However, "[i]If agreement cannot be reached, the Receiving Party shall request that the Court cancel or modify a "CONFIDENTIAL", or "HIGHLY CONFIDENTIAL — OUTSIDE COUNSEL'S EYES ONLY" designation."  Carpenter has failed to respond to Defendant's attempt to resolve this dispute "promptly and informally," necessitating Court intervention.

As described more fully below, Carpenter has improperly identified several items as "Highly Confidential – Outside Counsel's Eyes Only" that are, at most, confidential:

### (i) User List

The document identified as PLAINTIFF00000572 through PLAINTIFF00000578 is "a list of possible users of the myschool411.com website."  *See* Exhibit G.  The list includes nothing more than a list of e-mail addresses.  It is difficult to conceive how such a list, without more, "has competitive value such that unrestricted disclosure to others

would create a risk of serious injury."  This document appears again as
PLAINTIFF00000843 through PLAINTIFF00000851 and PLAINTIFF00000860 through
PLAINTIFF00000868.  This information does not provide any insight into Plaintiff's
business strategy or proprietary competitive information.

### (ii) Analytics

The documents identified as PLAINTIFF00000839 through
PLAINTIFF00000842**,** PLAINTIFF00000852 through PLAINTIFF00000859, and
PLAINTIFF00000869 through PLAINTIFF00000872 include various Google Analytics
reports, providing summary level information about the visitors to myschool411.com.
*See* Exhibit H.  Again, it is inconceivable how such information "has competitive value
such that unrestricted disclosure to others would create a risk of serious injury."  This
information does not provide any insight into Plaintiff's business strategy or proprietary
competitive information.

### (iii) List of Facebook Apps

The document identified as PLAINTIFF00000873 is a screenshot of a Facebook
page showing the five apps in the MySchool, Inc. account.  *See* Exhibit I.  Such
information does not have "competitive value such that unrestricted disclosure to others
would create a risk of serious injury."  It does not provide any insight into Plaintiff's
business strategy or proprietary competitive information.

### (iv) E-mails Regarding Site Development

As discussed above, the documents identified as PLAINTIFF00000874 through
PLAINTIFF00000899 and PLAINTIFF00000900 through PLAINTIFF00000924 contain
e-mails regarding prior development efforts for the web site displayed at

myschool411.com.  *See* Exhibits E and F.  These e-mails do not contain any proprietary competitive information and, as such, should not be designated as "Highly Confidential – Outside Counsel's Eyes Only."

### (v) Public Website

The document identified as PLAINTIFF00000925 appears to be a screenshot of a publicly available website.  *See* Exhibit J.  It does not provide any insight into Plaintiff's business strategy or proprietary competitive information.

### (vi) Third Party E-mails

The document identified as PLAINTIFF00000926 through PLAINTIFF00000927 is an e-mail from the assistant coordinator at Cal Poly SBDC for Innovation & CIE to Chuck Davidson to provide him with information about upcoming events.  *See* Exhibit K. It does not provide any insight into Plaintiff's business strategy or proprietary competitive information.

Because none of the aforementioned documents satisfies the criteria for designation as "Highly Confidential – Outside Counsel's Eyes Only," the Court should issue an order de-designating these documents.

### <u>CONCLUSION</u>

For all the foregoing reasons, this Court should grant Defendant's Third Motion to Compel, award Defendant its attorney's fees and costs incurred in pursuing this motion, and grant such further relief as this Court deems just.

Dated: August 7, 2015    By:   /s/_____

Attison L. Barnes, III (VA Bar No. 30458)
David E. Weslow (Pro Hac Vice)
Ari S. Meltzer (Pro Hac Vice)
Rebecca L. Saitta (VA Bar No. 65408)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com
dweslow@wileyrein.com
rsaitta@wileyrein.com

Counsel for Defendant MYSCHOOL.COM

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August 2015, a copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record for Plaintiff JOSEPH L. CARPENTER:

David Ludwig
Dunlap Bennett & Ludwig, PLLC
211 Church Street, SE
Leesburg, VA 20175
Email: dludwig@dbllawyers.com

/s/ Attison L. Barnes /s/
Attison L. Barnes, III (VA Bar No. 30458)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com

*Counsel for Defendant MYSCHOOL.COM*