REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JOSEPH L. CARPTENTER, an individual;    ) | |
| ) | Case No.: 1:15-CV-00212-AJT-JFA |
| Plaintiff,    ) | |
| v.    ) | |
| ) | |
| <myschool.com>, a domain name;    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN LIMITED**
**FACT DISCOVERY**

Plaintiff respectfully submits this Memorandum of Law in support of his Motion to

Reopen Limited Fact Discovery.

### 1.0    FACTUAL BACKGROUND

On the last day of fact discovery, August 14, 2015, OWV attempted to explain the content

of an email in the deposition of Yonatan Belousov[1] ████████████████████████████

████████████████████████████████████     The email thread in

question involves ████████████████████████████████████████████

███████████     and was produced by Defendant in discovery in Defendant's Supplemental

Response to Plaintiff's First Set of Discovery Requests (the "Email Thread").[2]   The email reads

as follows:

██████████

████████████████

---

[1] The entire transcript of the deposition of Yonatan Belousov is attached as Exhibit D to Plaintiff's Cross Motion for Summary Judgment.  [Dkt No. 143].

[2] This Email Thread is attached as Exhibit K to Plaintiff's Memorandum in Support of Plaintiff's Motion for Cross-Summary Judgment.  [Dkt No. 144].

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL    -1-

REDACTED FOR PUBLIC INSPECTION
AL



however, when being questioned about when OWV acquired actual notice of Plaintiff's registered mark, Defendant was quick to inform Plaintiff that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ When Plaintiff inquired further, Defendant's counsel actually instructed Mr. Belousov not to answer this factual matter as follows:



REDACTED FOR PUBLIC INSPECTION
SEAL



Belousov Depo. Tr. 55:11 – 57:15.

In making this testimony explaining what the content was of communications OWV ████

████████████ OWV waived attorney-client privilege with respect to the subject communications, and Plaintiff is entitled to them.  Even if OWV had not waived any applicable attorney-client privilege, privilege cannot be used to hide material facts from another party.

████████████████████████████████████████████████████████████

████████

Since then, Defendant has made much the fact it alleged on the last day of fact discovery that it did not have actual notice of the Mark prior to the UDRP case preceding the present action. After providing this convenient explanation in his deposition, Defendant went on to allege, based on this testimony, in its Motion for Summary Judgment [Dkt No. 122] that this testimony alone establishes that it is "undisputed" that OWV did not have actual notice of the Plaintiff's Mark.

A careful examination of the emails received from Defendant further bolsters the present motion. ████████████████████████████████████████████████



which it appears OWV failed to produce, redacted without

explanation, or spoliated.  The content associated with these

It appears that Defendant has intentionally omitted

These fact justify the reopening by Court of fact discovery limited to seeking production

of the missing emails and emails with OWV's counsel on this matter.  This Court should permit

limited fact discovery on whether Defendant received actual notice of Plaintiff's Mark before

September 4, 2015.

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

## 2.0   **ARGUMENT**

It cannot be disputed that discovery and Mr. Belousov's deposition listed above sought to illicit material facts from OWV.  However, counsel for OWV ███████████████████ ███████████████████████████████████ n the basis of the attorney client privilege on the last day of fact discovery. It is indefensibly improper for OWV's counsel to direct a witness not to testify regarding the *facts* underlying this matter on the basis that the *facts* are protected by the attorney client privilege, then claim the problem cannot be remedied because fact discovery is concluded.

It is well-established that the attorney-client privilege cannot be used to shield the disclosure of facts. The United States Supreme Court first articulated this principle in *Upjohn Co. v. United Sates,* 449 U.S. 383, 395-96 (1981), stating:

> [T]he privilege extends only to communications and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing. The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney.

The Fourth Circuit has adopted the same position.  *See Better Gov't Bureau v. McGraw,* 106 F.3d 582, 603 (4th Cir. 1997) and *Burlage v. Summerville Senior Living, Inc.,* 2007 U.S. Dist. LEXIS 79551, *2 (E.D.Va. 2007) ("The privilege protects the communication itself, not the facts conveyed in the communication."). Moreover, courts routinely rule that the same principle applies to facts a client learns from his attorney. *United States v. Defazio,* 899 F.2d 626, 635 (7th Cir. 1990)("Communications from attorney to client are privileged only if they constitute legal advice, or tend directly or indirectly to reveal the substance of a client confidence ... [the attorney] testified only to what the IRS agent said to him, and that he later relayed those statements to [the client]. The content of this testimony is unprivileged because it did not reveal, either directly or implicitly, legal advice given [the client] or any client confidences.").

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

In *Allen v. West Point-Pepperell Inc.,* 848 F. Supp. 423, 427-28 (S.D.N.Y. 1994), the plaintiffs asserted the attorney client privilege protected them from answering the following questions: "When did you first learn facts that led you to believe that you were fraudulently induced to sign your release?"; "What were those facts?"; and "What specific information did you learn?" The court ruled that the attorney client privilege does not protect facts which an attorney obtains from independent sources and then conveys to this client, stating "[s]imply put, plaintiffs and [Attorney] Krumme must disclose to defendants all facts of which they were aware at all times relevant to this action, whether or not those facts were communicated by plaintiffs to Krumme and whether or not those facts were learned by plaintiffs from Krumme." *Id.*

The information sought by Plaintiff in this matter is the same as the information sought in *Allen.* Plaintiff seeks to discover when OWV acquired actual knowledge of Plaintiff's registered mark, which is critical to bad faith registration of the *res* under the ACPA.

If Defendant's assertion of the privilege were correct, anyone could prevent of a particular fact simply by ensuring that they only learned of that fact from counsel, or at least at a meeting in which counsel was present, or even that the information *could* have been learned in a meeting with counsel.

The law is clear that Plaintiff is entitled to explore OWV's knowledge on the critical issues.  Defendant's misuse of the attorney-client privilege is especially inappropriate here as Defendant is attempting to use the nondisclosure of this information as a basis for summary judgment.

### 3.0    CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Motion be granted.

DATED this the 14th day of October, 2015.

Memorandum in Support of Motion to Reopen Limited Fact Discovery

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

/s/ Steven Rinehart
Steven Rinehart (VSB No. 81,738)
*Counsel for Plaintiff*
110 S. Regent Street, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 456-9728
Fax: (801) 665-1292
Mobile: (801) 347-5173
Email: steve@uspatentlaw.us

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2015 a copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO REOPEN LIMITED DISCOVERY** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.


/s/ Steven Rinehart
Steven Rinehart

REDACTED FOR PUBLIC INSPECTION
ORIGINAL FILED UNDER SEAL